[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13843
Non-Argument Calendar

_____

BIA No. A76-771-193

UBAID USMANI,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 10, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

The issue presented is one of first impression in this circuit: whether, in immigration proceedings, the Attorney General has discretion to deny a petition for adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i), once the petitioner is statutorily eligible for adjustment. After a thorough review, we conclude that the Attorney General has the discretion to deny the adjustment of status.

I. Background

Ubaid Usmani, a native and citizen of Pakistan, entered the United States in 1995 as a non-immigrant visitor authorized to remain for a temporary period not to exceed six months. When he remained beyond that period, the Immigration and Naturalization Service ("INS")[1] issued him a notice to appear, charging him with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). Usmani filed an application for asylum and withholding of removal based on his political opinion.

Before the hearing,[2] Usmani withdrew his application and filed an application to adjust status under INA § 245(i), 8 U.S.C. § 1255(i). The parties do

---

[1] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. 107-296, Stat. 2125. The HSA created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred its functions to the new DHS. This case was initiated while the INS was still in existence. Therefore, this opinion refers to the INS rather than the DHS as the relevant agency.

[2] This was the second removal hearing. Usmani failed to appear at the initial hearing and was found removable in absentia. He moved to re-open the proceedings on the ground that he had not received a copy of the notice to appear. The IJ granted the motion to re-open.

2

not dispute that Usmani was statutorily eligible to adjust status. Usmani received an approved labor certificate from the Department of Labor and an approved I-140 employment-based visa petition prior to applying for adjustment of status under § 245(i), thus making him statutorily eligible for adjustment. During Usmani's testimony, the government elicited several inconsistencies in the testimony regarding whether or not Usmani had participated in Pakistani political groups or Muslim student groups, and whether he had ever been arrested.

The Immigration Judge ("IJ") denied Usmani's application for adjustment of status because, although Usmani was statutorily eligible to adjust status, the IJ had concerns about Usmani's testimony and the inconsistencies. In light of these concerns, the IJ found that Usmani did not deserve "the extraordinary remedy of adjustment of status." After the IJ denied Usmani's motion to reconsider, Usmani appealed to the Board of Immigration Appeals ("BIA"), asserting that the authority to adjust status was not discretionary under the plain language of INA § 245(i). The BIA affirmed, noting that the statutory language was discretionary. Usmani now petitions this court for review.

II. Discussion

We review only the BIA's decision, except to the extent it expressly adopts the IJ's opinion.[3] Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's statutory interpretation de novo, applying the two-step test articulated in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc. See 467 U.S. 837, 842-44, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984); Scheerer v. U.S. Att'y Gen., 445 F.3d 1311, 1318 (11th Cir. 2006). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43, 104 S.Ct. at 2781. If the statute is ambiguous, we will defer to the BIA's interpretation if it "is based on a permissible construction of the statute." Id. at 843, 104 S.Ct. at 2782.

Under INA § 245(a), the status of certain aliens admitted or paroled into the United States "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of" a lawful permanent resident under certain circumstances. INA § 245(a), 8 U.S.C. § 1255(a) (emphasis added). Several classes of aliens, however, are ineligible to adjust status. Id. § 245(c), 8 U.S.C. § 1255(c).

---

[3] We have jurisdiction over the issue presented because it raises a question of law. Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1311-12 (11th Cir. 2006).

"Notwithstanding the provisions of subsections (a) and (c) of [§ 245]," however, an alien who would otherwise be ineligible for adjustment of status can establish eligibility to adjust his status upon payment of a fee, as long as (1) he is the beneficiary of any visa petition filed before April 30, 2001; (2) he is eligible for an immigrant visa at the time of the filing of the application; and (3) an immigrant visa is immediately available at the time of the filing of the application. INA § 245(i), 8 U.S.C. § 1255(i). Upon receipt of the alien's application and the required fee, "the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence." Id. § 245(i)(2), 8 U.S.C. § 1255(i)(2) (emphasis added). Again, the parties concede that Usmani was statutorily eligible for adjustment of status.

Usmani argues that, under the plain language of INA § 245(i), the IJ did not have discretionary authority to deny his adjustment of status because, unlike § 245(a), § 245(i) does not refer to discretion, and, had Congress intended for the decision to be discretionary, it would have used the same "in his discretion" language as it did in subsection (a). Having considered the relevant statutory authority, we conclude that Usmani's argument lacks merit.

" The word 'may,' when used in a statute . . . implies some degree of discretion." DIRECTV, Inc. v. Brown, 371 F.3d 814, 817 (11th Cir. 2004) (citation and quotation omitted). However, this presumption "can be defeated by

5

indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute." Id. (quotation omitted).

This court has never addressed the precise question at issue here: whether the Attorney General has discretion to deny a petition for adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i), once the petitioner is statutorily eligible for adjustment of status. In Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1363 (11th Cir. 2006), this court noted that "§ [245(i)] provides, just as § [245(a)] does, that the Attorney General may approve an adjustment of status application only" upon the completion of certain prerequisites. In that case, however, the alien was not statutorily eligible and had not applied for adjustment of status, but moved the IJ to continue removal proceedings pending approval of his application for a labor certificate. Id. at 1363. Thus, the issue of the IJ's discretion was not before the court. In Merchant v. U.S. Att'y Gen., 461 F.3d 1375, 1379 n.6 (11th Cir. 2006), this court concluded that the IJ abused his discretion by denying a motion to continue the removal proceedings pending a determination on adjustment of status because Merchant was statutorily eligible for the adjustment. In dicta, this court further discussed the discretionary nature of the remedy provided by § 245(i), noting that although Merchant was "eligible for adjustment" having satisfied all of the prerequisites, the ultimate decision to adjust Merchant's status remained with the Attorney General. Id. at 1379 n.6.

6

In light of the statutory language, we conclude that the plain language of § 245(i) indicates Congressional intent that the IJ have discretion.[4] Although . . . the mere use of 'may' is not necessarily conclusive of congressional intent to provide for a permissive or discretionary authority, DIRECTV, Inc., 371 F.3d at 817, when Congress has intended mandatory action, it has used the word "shall" to convey that intent. See, e.g., 8 U.S.C. § 1255(b) ("Upon the approval of an application for adjustment made under subsection (a) . . . , the Attorney General shall record the alien's lawful admission. . . ").

Usmani attempts to argue that Congressional intent was unclear, and he points to the language "[n]otwithstanding the provisions of subsections (a) and (c) of [§ 245]." This language does not, however, overcome the presumption of discretion associated with the use of the word "may." Congress's omission in § 245(i) of the phrase "in his discretion" does not establish that Congress intended

---

[4] Other circuits have reached similar conclusions. See Ahmed v. Gonzales, 447 F.3d 433, 438 (5th Cir. 2006) (discussing a motion to continue pending approval of a labor certificate, explaining that § 245(i) "does not . . . create an automatic or a mandatory exception to § [245(c)]" and noting that "the entire application for adjustment of status must meet with the discretionary approval of the Attorney General or his designee"); Jarad v. Gonzales, 461 F.3d 867, 869 (7th Cir. 2006) (concluding that the court lacked jurisdiction to review the IJ's discretionary denial of Jarad's application to adjust status pursuant to § 245(i) because Jarad did not challenge the IJ's authority under the statute but merely asserted that the IJ abused his discretion); Bugayong v. INS, 442 F.3d 67, 71 (2d Cir. 2006) (same); Higuit v. Gonzalez, 433 F.3d 417, 420 (4th Cir. 2006).

adjustments under § 245(i) to be mandatory, and the BIA's interpretation of § 245(i) as discretionary is a permissible, and logical, construction.

Accordingly, we hold that § 245(i) creates discretionary authority for the Attorney General to deny adjustment of status. Therefore, we deny the petition.

PETITION DENIED.