[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15970
Non-Argument Calendar
_____

Agency No. A97-952-676

YI FEI LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 23, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Petitioner Yi Fei Lin, a native and citizen of China, through counsel,

petitions us for review of the Board of Immigration Appeal's (BIA) order, dismissing his application for asylum, withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment of Punishment (CAT).

On appeal, Lin contends that he established eligibility for relief based on China's family-planning policy. He argues that the BIA failed to make an adverse credibility finding, and his credible testimony was sufficient, without corroboration, to establish eligibility for relief. Lin further asserts that the BIA erred in its determination that he could not qualify as a "spouse" under INA § 101(a)(42), because he was not "legally" married. Moreover, Lin contends, the BIA did not sufficiently explain how he had not qualified for relief based on "other resistance" to China's coercive population control measures.

Here, the BIA did not expressly adopt the immigration judge's (IJ) decision, so we review only the BIA's decision. *See Arboleda v. U.S. Att'y Gen.*, 434 F.3d 1220, 1222 (11th Cir. 2006). To the extent that the BIA's decision was based on a legal determination, our review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). In addition,"[w]e review the BIA's statutory interpretation *de novo*," and apply the test set forth in *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694

2

(1984). *See Usmani v. U.S. Att'y Gen.*, No. 06-13843, manuscript op. at 4 (11th Cir. April 10, 2007). Thus, if the intent of Congress is unclear, and a "statute is ambiguous," we will defer to the BIA's interpretation if it is based on a permissible construction of the statute. *Id.* (internal quotations and citations omitted). The BIA's construction is reasonable and, thus, controls, if it is not "arbitrary, capricious, or manifestly contrary to the statute." *Chevron, U.S.A., Inc.*, 467 U.S. at 844, 104 S. Ct. at 2782. (quotations omitted).

The BIA's factual determinations are reviewed under the substantial evidence test, and we will "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). The substantial evidence test is "highly deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Id.* The BIA or IJ must make an "explicit" credibility determination. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. *See Forgue*, 401 F.3d at 1287 (11th Cir. 2005).

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of the Department

3

of Homeland Security and the Attorney General both have the discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1)(A) (as amended by the REAL ID Act). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . , and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor, in this case political opinion, will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287. An alien may establish a well-founded fear of future persecution by showing that: (1) he fears persecution based on his membership in a protected group; (2) there is a reasonable possibility that he will suffer persecution if removed to his native country; and (3) he could not avoid persecution by relocating to another part of his or her country, if, under all of the circumstances, it would be reasonable to expect relocation. *See* 8 C.F.R.

4

§ 208.13(b)(2), (3)(i).

The INA does not expressly define "persecution" for purposes of qualifying as a "refugee." *See* INA § 101(a)(42). It does provide, however, that:

> For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B). The BIA has held that an act of persecution in the form of forced sterilization or abortion against one's spouse can be imputed to the other spouse to establish past persecution. *Matter of C-Y-Z*, 21 I&N Dec. 915, 918 (BIA 1997). The BIA has further explained, however, that the imputed protections do not extend to unmarried couples, but instead, only to individuals who are legally married. *Matter of S-L-L*, 24 I&N Dec. 1, 4 (BIA 2006).

According to the BIA, if an unmarried applicant asserts persecution based on his partner's forced abortion, the applicant must demonstrate "that he or she qualifies under the terms of the "other resistance" clause in section 101(a)(42)." *Matter of S-L-L*, 24 I&N Dec. at 4. To do so, the applicant must demonstrate

resistance, and "that he has suffered harm amounting to persecution on account of that resistance." *Id.* at 10. The BIA has further explained that, "[i]n the context of coercive family planning, the term 'resistance' covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planing law." *Id.*

Along with seeking asylum, the alien also may seek withholding of removal. *See* INA § 241, 8 U.S.C. § 1231(b)(3). One significant difference between proving asylum eligibility and withholding of removal eligibility is that, to merit the latter, the alien must prove that future persecution would occur "more-likely-than-not." *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). As the more-likely-than-not standard that applies to withholding of removal is more stringent than the well-founded-fear standard that applies to asylum, ineligibility for asylum generally precludes withholding of removal eligibility. *Al Najjar*, 257 F.3d at 1292-93.

In addition, the alien may seek relief under the CAT if the applicant establishes that he more likely than not would be tortured if he returned to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). As with withholding of removal under the INA, an applicant who cannot establish asylum eligibility

usually cannot establish CAT eligibility. *Al Najjar*, 257 F.3d at 1303.

Accepting Lin's allegations as true, nonetheless, we conclude from the record that substantial evidence supports the BIA's determination that Lin failed to demonstrate eligibility for asylum, withholding of removal, or CAT relief. First, the BIA's interpretation relating to the who qualifies as a "spouse" under INA § 101(a)(42) is subject to our deference because Congress' intent is not clear from the language itself, and there is no indication that the BIA's interpretation is unreasonable. *See Usmani*, manuscript op. at 4; *Chevron, U.S.A., Inc.*, 467 U.S. at 844, 104 S. Ct. at 2782. As such, Lin's assertion that his girlfriend was forced to undergo an abortion does not in and of itself demonstrate that Lin was persecuted because undisputed evidence in the record shows that Lin was not "legally" married to his girlfriend. *See Matter of S-L-L*, 24 I&N Dec. at 4.

Moreover, we conclude that substantial evidence supports the BIA's determination that Lin failed to qualify for asylum under the "other resistance" clause of § 101(a)(42), because Lin failed to present any evidence tending to establish resistance to China's family-planning policy. *See* INA § 101(a)(42); *Forgue*, 401 F.3d at 1286; *Matter of S-L-L*, 24 I&N Dec. at 10. Because Lin has failed to demonstrate eligibility for asylum, it necessarily follows that his claim for withholding of removal also fails. *See Al Najjar*, 257 F.3d at 1292-93. In addition,

substantial evidence supports the BIA's finding that Lin failed to establish eligibility for CAT relief because he presented no evidence suggesting the possibility of torture. *See* 8 C.F.R. § 208.16(c)(2); *Al Najjar*, 257 F.3d at 1303. Accordingly, we deny Lin's petition for asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**