[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2011
JOHN LEY
CLERK

Nos. 10-10873; 10-15206
Non-Argument Calendar
_____

Agency No. A071-483-304

ELMER ISAAC AVALOS-CIEZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(December 29, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Elmer Isaac Avalos-Cieza seeks review of the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his motion to rescind his *in absentia* order of deportation and to reopen proceedings, and its order denying his motion to reconsider its denial of his motion to reopen. His petitions have been consolidated. Although Avalos-Cieza raises three issues on appeal, we will address only the first issue. Avalos-Cieza argues that the BIA abused its discretion by applying the incorrect statute to his proceedings, thereby determining his motion to reopen was time barred based on a filing deadline that was not applicable. The BIA determined that INA § 242B, 8 U.S.C. § 1252b (1992) ("§ 242B"), governed his proceedings because the Notice of Hearing ("NH") for the hearing that he failed to attend was sent after June 13, 1992, the effective date for § 242B. Avalos-Cieza asserts that INA § 242(b), 8 U.S.C. § 1252(b) (1992) ("Old § 1252(b)), should have been applied, because the Order to Show Cause ("OSC") was issued prior to § 242B's effective date. Under Old § 1252(b), there was no filing deadline for motions to reopen, and, therefore, his motion to reopen should not have been denied for being time barred.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999).

To the extent that the BIA's decision was based on a legal determination,

we review the decision *de novo*. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006). Under *de novo* review, the BIA's interpretation is given the level of deference articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2278, 81 L.Ed. 2d 694 (1984). *Id.* Under *Chevron* deference, if Congress's intent is clear, that is the end of the matter, because we, as well as the agency, must give effect to the unambiguously expressed intent of Congress. *Usmani v. U.S. Att'y Gen.*, 483 F.3d 1147, 1149-50 (11th Cir. 2007).

Prior to June 13, 1992, Old § 1252(b) governed deportation proceedings. *See* INA § 242(b), 8 U.S.C. § 1252(b) (1992); 57 Fed. Reg. 5180-03 (Feb.12, 1992). Under Old § 1252(b), there was no time limit as to when an alien could file a motion to rescind an *in absentia* deportation order and reopen proceedings. *See* INA § 242(b), 8 U.S.C. § 1252(b) (1992). Additionally, if an alien wanted to reopen a hearing held *in absentia*, he only had to establish that he had reasonable cause for his absence from the proceedings. *Matter of Ruiz*, 20 I.&N. Dec. 91, 92-93 (BIA 1989). Furthermore, the notice requirements only required that the alien be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings would be held. INA § 242(b), 8 U.S.C. § 1252(b) (1992).

Congress enacted the Immigration Act of 1990 ("IMMACT"), which amended Old § 1252(b) and imposed more stringent notice requirements on the government and more severe punishments on aliens for failing to appear at hearings. *See* Pub.L. No. 101-649, 104 Stat. 4978 (1990). IMMACT did not specify when the new deportation procedures would take effect, stating that subsections (a), (b), (c), and (e)(1) of § 242B would become effective on a date specified by the Attorney General. *See* Pub.L. No. 101-649, § 545(g), as amended Pub.L. No. 104-208, Div. C, Title III, § 308(g)(6)(B), 110 Stat. 3009-623 (1997). The Department of Justice issued a notice that delayed the effective date of § 242B until June 13, 1992. 57 Fed. Reg. 5180-03 (Feb. 12, 1992). This notice did not specify whether § 242B would apply to proceedings in which an OSC had already been issued or only to proceedings that had not yet been initiated. *See id.*

Under § 242B, certain notices must be provided in the OSC, including: (1) the nature of the proceedings; (2) the legal authority under which the proceedings were to be conducted; (3) the alleged illegal conduct or acts; (4) the charges against the alien and the statutory provisions alleged to be violated; (5) the alien's right to be represented by counsel and a prepared list of counsel; (6) the requirement that the alien immediately provide the Attorney General with written record of an address and telephone number at which the alien could be contacted

regarding the proceedings; (7) the requirement that the alien immediately provide the Attorney General with a written record of any change in the alien's address or telephone number; and (8) the consequences, under subsection (c)(2), for failure to provide the address and telephone information in the manner required. INA § 242B(a)(1), 8 U.S.C. § 1252b(a)(1). Additionally, with regards to the notice of time and place of the proceedings, written notice must be given to the alien "in the order to show cause or otherwise" of the time and place at which the proceedings are to be held and the consequences, under subsection (c), for the failure, except under exceptional circumstances, to appear at the proceedings. *Id.* § 242B(a)(2), 8 U.S.C. § 1252b(a)(2).

Under § 242B, if the alien does not appear for his deportation hearing after receiving written notice as required under subsection (a)(2), he may be ordered deported *in absentia* if the IJ establishes by clear, unequivocal, and convincing evidence that the written notice was properly provided and that the alien was deportable. *Id.* § 242B(c)(1), 8 U.S.C. § 1252b(c)(1). Also, if the alien fails to provide his address, as required under (a)(1)(F), then written notice is not required to enforce the provisions under (c)(1). *Id.* § 242B(c)(2), 8 U.S.C. § 1252b(c)(2). Additionally, an *in absentia* deportation order can be rescinded only: (1) upon a motion to reopen filed within 180 days after the date of the order of deportation if

the alien shows that his failure to appear was because of exceptional circumstances; or (2) upon a motion to reopen filed at any time if the alien shows that he did not receive notice in accordance with subsection (a)(2). *Id.* § 242B(c)(3), 8 U.S.C. § 1252b(c)(3).

The Ninth Circuit is the only court to have specifically addressed which statute applies when the OSC is issued before June 13, 1992, and the NH is sent after. *See Lahmidi v. I.N.S.*, 149 F.3d 1011 (9th Cir. 1998). It analyzed the language of § 242B and the provisions that implemented the statute, and determined that Congress intended that the notice provisions in subsection (a), and the penalty procedures in subsections (c) and (e), were to be implemented on a single date. *Id.* at 1014. It also concluded that subsections (a), (c), and (e) had to be read together, that the provisions were "inextricably intertwined," and that the sanctions in (c) and (e) could not be imposed absent the procedural protections provided in (a). *Id.* at 1015. It stated that its conclusion was supported by the fact that several of the subsections cross-referenced each other and their operation is contingent on one another. *Id.* The Ninth Circuit further explained that, by effectuating subsections (a), (c), and (e) concurrently and making them interdependent upon each other, Congress "clearly intended" that the sanctions would apply only once the notice provisions became effective. *Id.* at 1016. Thus,

applying § 242B to the case would contravene the statute's clear intent, because it would apply the penalty provisions to a situation in which the petitioner did not receive the notice protections, specifically notice in the OSC that he must provide written notice of an address change. *Id.* It concluded that aliens subject to the new penalties should receive the benefit of the enhanced notice procedures first, and held that § 242B did not apply in cases where the OSC was issued before the statutes effective date, even though the NH was issued after that date. *Id.*

Congress's implementation of the heightened notice requirements and penalty provisions at the same time, and the intertwining and interdependence of those subsections, show that Congress clearly intended that the penalty provisions should not be imposed without the protection of the notice requirements. To conclude that § 242B applies in this case would conflict with that intent, because then Avalos-Cieza would be subject to the penalty provisions without having been afforded the protection of the notice requirements. Therefore, Old § 1252(b) applies to Avalos-Cieza's proceedings, and his motion to reopen is not subject to a filing deadline. Accordingly, we grant Avalos-Cieza's petition with regard to his claim that the BIA applied the wrong statute, and remand to the BIA to allow it to address Avalos-Cieza's motion to reopen under the correct statute. Because we grant Avalos-Cieza's motion on this ground, we will not address his other claims.

7

**PETITION GRANTED.**