[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17183
Non-Argument Calendar

_____

Agency No. A086-976-697

EMMANUEL B. ADEGBITE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 19, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Emmanuel Adegbite seeks review following the BIA's final order affirming

the IJ's decision to deny his application for adjustment of status under 8 U.S.C. §

1255.  He argues that the Immigration Judge ("IJ") and the Board of Immigration

Appeals ("BIA") erred by misapplying the decision in <u>Matter of Thomas</u>, 21 I. & N. Dec. 20 (BIA 1995), and assigning dispositive weight to a pending charge for driving under the influence of alcohol ("DUI") when denying his application. The government argues that we lack jurisdiction to consider the petition, because he did not exhaust his administrative remedies and he challenges a discretionary decision related to his adjustment of status. After careful review, we dismiss the petition.

We review our subject matter jurisdiction <u>de novo</u>. <u>Amaya-Artunduaga v. U.S. Att'y Gen.</u>, 463 F.3d 1247, 1250 (11th Cir. 2006). We lack jurisdiction to consider claims that have not been exhausted before the BIA. 8 U.S.C. § 1252(d)(1); <u>Amaya-Artunduaga</u>, 463 F.3d at 1250. Moreover, under the Immigration and Nationality Act ("INA"), we lack jurisdiction to review discretionary judgments like those involved in considering applications for adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i); <u>Gonzalez-Oropeza v. U.S. Att'y Gen.</u>, 321 F.3d 1331, 1332-33 (11th Cir. 2003); <u>see also</u> 8 U.S.C. § 1255(a) (providing that the Attorney General, at his discretion, may adjust the status of an alien to that of an alien lawfully admitted for permanent residence if the alien meets certain requirements); <u>Usmani v. U.S. Att'y Gen.</u>, 483 F.3d 1147, 1151 (11th Cir. 2007) (holding that the Attorney General also has the discretion to deny adjustment of status). We retain jurisdiction only to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

Here, we lack jurisdiction to consider Adegbite's challenge. For starters, Adegbite did not exhaust his administrative remedies, because he did not raise his present argument before the BIA. In his appeal to the BIA, he did not argue that the IJ misapplied Matter of Thomas by assigning dispositive weight to his pending DUI charge, nor did he suggest that his DUI charge was an improper factor to consider. Rather, he argued that the IJ failed to adequately consider the positive factors in his case, which he contended outweighed the negative factors. As a result, the BIA did not have the opportunity to decide on the precise question that Adegbite presents in his petition for review, and we, therefore, lack jurisdiction over this claim. 8 U.S.C. § 1252(d)(1); see Amaya-Artunduaga, 463 F.3d at 1250.

But even if Adegbite had exhausted his administrative remedies, we would still lack jurisdiction because he challenges the BIA's and IJ's discretionary decision to deny his application to adjust status. Although he argues that the BIA and IJ misapplied Matter of Thomas and that his DUI charge may have been an improper factor to consider, the essence of his argument is that the BIA and IJ assigned too much weight to his pending DUI charge. Thus, he challenges a discretionary decision, which have no jurisdiction to consider. See 8 U.S.C. § 1252(a)(2)(D); Gonzalez-Oropeza, 321 F.3d at 1332-33.

**PETITION DISMISSED.**

3