SUMMARY ORDER
Petitioner Mohamed El Sayed Ghoniem, a native and citizen of Egypt, seeks review of a June 3, 2005 decision of Immigration Judge (“IJ”) Theresa Holmes-Simmons denying his motion for further continuance of his removal proceedings and ordering him removed. The Board of Immigration Appeals (“BIA”) dismissed Ghoniem’s appeal from the IJ’s decision. See In re Mohamed El Sayed Ghoniem, No. A 96 426 071, 2006 WL 3485603 (B.I.A. October 31, 2006). On appeal, Ghoniem contends that, in light of the fact that he had already obtained a labor certification and was waiting for his applications for an I-140 employment-based visa and adjustment of status to be processed, the IJ’s decision to deny him a further continuance constituted an abuse of discretion. During the pendency of his appeal before this Court, Ghoniem’s employment-based visa petition was denied by the United States Citizenship and Immigration Services. Ghoniem filed a timely appeal of the denial of his 1-140 petition with the Associate Commissioner for Examinations, which remains pending. We assume the parties’ familiarity with the remaining factual and procedural history of this case.
An IJ may grant a motion for continuance for “good cause shown.” 8 C.F.R. § 1003.29. We review an IJ’s refusal to grant a continuance for abuse of discretion. See Sanusi v. Gonzales, 445 F.3d 193, 199 (2d Cir.2006) (per curiam). In the recent case of Rajah v. Mukasey, 544 F.3d 449 (2d Cir.2008), which involved an IJ’s denial of a continuance while the petitioner’s labor certification was pending, we held that we could not “adequately consider whether the agency abused its discretion in denying petitioner’s request for a continuance” due to the “absence of standards that reflect the various situations of those seeking such continuances.” Id. at *740 450. Accordingly, we remanded the case to the BIA to obtain standards that would take into account:
(a) the intent of Congress in creating a mechanism for adjusting status based on labor certification and visa eligibility, as expressed in 8 U.S.C. § 1255(i), (b) the lengthy delays and uncertainties caused by the implementation of this mechanism, and (c) the effect, if any, in a given case, of a labor certification being approved after the agency has acted, but while the case is still sub judice.
Id. We then stated that “[i]n remanding to the BIA, we seek a quantum by which better to measure the reasonableness of a petitioner’s request for a continuance, and a clearer demarcation of the range of permissibility to be exercised by the IJ.” Id.
Though the facts in the case before us diverge somewhat from those in Rajah— most notably because Ghoniem, unlike Rajah, had already obtained a labor certification and because Ghoniem’s employment-based visa was denied during his appeal to this Court — the need for standards in order to determine when continuances are within the range of permissible decisions and when they are not remains the same. Accordingly, we vacate the order of the BIA and remand this case to the BIA to obtain the standards requested in Rajah, and ask that they also take into account: (d) the effect, if any, of waiting for an application for an employment-based visa, as opposed to a labor certification, to be processed,[1] and (e) the effect, if any, of an employment-based visa being denied after the agency has acted, but while the case is still pending. If and when, following remand, there is an appeal of any BIA decision in this matter, the petition will be referred to this panel. See Shi Liang Lin v. U.S. Dep’t of Justice, 416 F.3d 184, 192 (2d Cir.2005); United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994).

CONCLUSION

For the reasons stated above, the petition for review is GRANTED, the order of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

. We note, for example, that in contrast to the practice of the IJ in the case before us, the IJ in Rajah specifically stated that she routinely granted continuances if a labor certification had already been approved and an application for an employment-based visa was pending: "... if the labor cert has been approved then, if there's an 1-140 pending!,] I adjourn for that." 544 F.3d at 451.