# Matter of Mohamed RAJAH, Respondent

File A095 956 512 - New York, New York

*Decided November 12, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  In determining whether good cause exists to continue removal proceedings to await the adjudication of a pending employment-based visa petition or labor certification, an Immigration Judge should determine the alien's place in the adjustment of status process and consider the applicable factors identified in *Matter of Hashmi*, 24 I&N Dec. 785 (BIA 2009), and any other relevant considerations.

(2)  An alien's unopposed motion to continue ongoing removal proceedings to await the adjudication of a pending employment-based visa petition should generally be granted if approval of the visa petition would render him prima facie eligible for adjustment of status.

(3)  The pendency of a labor certification is generally not sufficient to warrant a grant of a continuance.

FOR RESPONDENT:  Ana Pottratz Acosta, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Sari N. Maltz, Assistant Chief Counsel

BEFORE:  Board Panel:  NEAL, Acting Chairman; GREER and MALPHRUS, Board Members.

GREER, Board Member:

In *Rajah v. Mukasey*, 544 F.3d 449 (2d Cir. 2008), the United States Court of Appeals for the Second Circuit granted the respondent's petition for review of our June 27, 2006, decision; vacated our order insofar as we affirmed the Immigration Judge's denial of the respondent's motion to continue; and remanded the case to us for further proceedings.[1]  The court directed the Board

_____

[1] On September 24, 2008, the court concurrently issued two decisions disposing of the other issues raised in the respondent's petition for review.  In *Rajah v. Mukasey*, 544 F.3d 427 (2d Cir. 2008), the court considered and rejected the respondent's challenges to the National Security Entry–Exit Registration System ("NSEERS") program.  All references
(continued...)

to set "standards that reflect various situations of those seeking such continuances." *Id.* at 450.

We now articulate the factors that an Immigration Judge and the Board should consider in determining whether a respondent has established good cause for a continuance to apply for adjustment of status based on a pending labor certification or employment-based immigrant visa petition. On further review of the respondent's case, we will again dismiss his appeal.

## I. FACTS AND PROCEDURAL HISTORY

The respondent, a native and citizen of Morocco, was admitted to the United States on December 13, 1994, as a nonimmigrant visitor with an authorized stay of 6 months. The respondent's employer filed a labor certification on his behalf on April 30, 2001. On April 22, 2003, he was personally served with a Notice to Appear (Form I-862) charging him with removability under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B) (2006), for having remained beyond his authorized stay in the United States. The respondent's first hearing before the Immigration Judge was held on May 30, 2003.

The respondent appeared before the Immigration Judge 13 times during an 18-month period. The proceedings were continued for a variety of reasons. The respondent was granted five continuances over a 6-month period to obtain counsel and prepare his case. The Department of Homeland Security ("DHS") was granted two continuances over a 2-month period to respond to the respondent's motion to terminate. The respondent and the DHS were each granted a continuance to address the issues raised in the respondent's motion to suppress evidence. The respondent obtained two additional continuances for a 6-month period to determine the status of his Application for Alien Employment Certification (ETA Form 750) (labor certification), which was pending with the United States Department of Labor ("DOL").[2] The proceedings were continued twice to arrange for the presence of an Arabic translator.

When the parties reconvened on December 16, 2004, the respondent sought another continuance based on his pending labor certification. Without

---

(...continued)

to *Rajah v. Mukasey* in this decision refer to the court's decision at 544 F.3d 449, which remanded the record to the Board for further proceedings regarding the respondent's motion for a continuance.

[2] The current labor certification form is the Application for Permanent Employment Certification (ETA Form 9089).

elaborating, the Immigration Judge concluded that the respondent had had "sufficient time" to obtain an approved labor certification and denied his request. We affirmed the Immigration Judge's decision, observing that the respondent had failed to provide any information as to the status of his labor certification and the DOL's estimated processing times. While this matter was pending before the Second Circuit, the respondent's labor certification was approved on July 16, 2007, and later expired when the respondent's employer did not file a visa petition for the respondent.

## II.  ISSUE

On remand the court charged us with providing "a reasoned set of standards explicating when continuances for labor certifications are within the 'range of permissible decisions' available to an [Immigration Judge], and when they are not." *Rajah v. Mukasey*, 544 F.3d at 455. The court instructed us to develop standards that would take into account:

> (a) the intent of Congress in creating a mechanism for adjusting status based on labor certification and visa eligibility, as expressed in 8 U.S.C. § 1255(i), (b) the lengthy delays and uncertainties caused by the implementation of this mechanism, and (c) the effect, if any, in a given case, of a labor certification being approved after the agency has acted, but while the case is still *sub judice*.[3]

*Id.* at 450.

## III.  ANALYSIS

### A.  Motions To Continue To Establish Eligibility for Adjustment of Status

Immigration Judges derive their broad discretionary authority over continuances from the regulations, which state that "[t]he Immigration Judge

---

[3] Subsequently, in an unpublished case, *Ghoniem v. Mukasey*, 305 Fed.Appx. 738 (2d Cir. 2009), the court asked that in developing such standards we also take into account:

> (d) the effect, if any, of waiting for an application for an employment-based visa, as opposed to a labor certification, to be processed, and (e) the effect, if any, of an employment-based visa being denied after the agency has acted, but while the case is still pending.

*Id.* at 740 (footnote omitted).

may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2009); *see also Matter of Hashmi*, 24 I&N Dec. 785, 788 (BIA 2009); 8 C.F.R. § 1240.6 (2009) (providing that the Immigration Judge may grant a reasonable adjournment either at his or her own instance or, for good cause shown, upon application by the respondent or the DHS).

In our recent precedent decision in *Matter of Hashmi*, 24 I&N Dec. 785, we examined factors that may be considered in determining whether to continue proceedings to afford the DHS's United States Citizenship and Immigration Services ("USCIS") the opportunity to adjudicate a Petition for Alien Relative (Form I-130), a family-based visa petition which, if approved, would render the respondent prima facie eligible for adjustment of status.[4] We held that the Immigration Judge and the Board may consider a variety of factors in evaluating the propriety of a continuance, including but not limited to:

> (1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*Id.* at 790. We explained that these factors are illustrative, not exhaustive. *Id.*

*Matter of Hashmi* provides a framework to analyze whether good cause exists to continue proceedings to await adjudication by the USCIS or the DOL. In determining whether good cause exists for a continuance, the Immigration Judge should first determine the respondent's place in the employment-based adjustment of status process and then consider and balance the *Hashmi* factors, if applicable, and any other relevant considerations. While all these factors may be relevant in a given case, the focus of the inquiry is the likelihood of success on the adjustment application.

### B. Employment-Based Adjustment of Status Process

Section 203(b) of the Act, 8 U.S.C. § 1153(b) (2006), authorizes five employment-based immigrant visa classifications, each with its own statutory and regulatory requirements. In general, the adjustment of status process under sections 203(b)(1), (4), and (5) of the Act is similar to the two-step

---

[4] The USCIS is authorized to provide immigration and naturalization benefits to aliens, including the adjudication of immigrant visa petitions. The DHS's United States Immigration and Customs Enforcement ("ICE") is authorized to enforce the Immigration and Nationality Act and other immigration-related laws. Attorneys from ICE's Office of the Principal Legal Advisor represent the DHS in removal proceedings.

family-based adjustment of status process described in *Hashmi*, while a three-step adjustment process underlies the employment-based classifications described at sections 203(b)(2) and (3) of the Act.[5]  The respondent's case involves the three-step process, which begins with the filing of a labor certification with the DOL. *See Lendo v. Gonzales*, 493 F.3d 439, 441-42 (4th Cir. 2007) (describing the three-step employment-based adjustment process).

   First, an alien's employer or prospective employer in the United States files a labor certification with the DOL on the alien's behalf.  The DOL approves a labor certification only if it is established that there are not sufficient United States workers "able, willing, qualified . . . and available" to perform the job and that the employment of the alien will not adversely affect similarly situated United States workers.  Section 212(a)(5)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(5)(A)(i)(I) (2006).  Generally, before filing the labor certification, an employer is required to conduct a recruitment campaign to test the affected local labor market to determine whether there are minimally qualified United States workers for the position.  *See* 20 C.F.R. § 656.17(e) (2009). Once the required recruitment process is complete, the employer files the labor certification declaring, inter alia, that "[t]he job opportunity has been and is clearly open to any" United States worker and that United States "workers who applied for the job opportunity were rejected for lawful job-related reasons."  20 C.F.R. §§ 656.10(c)(8)–(9) (2009).  The labor certification is valid for 180 days from the date the DOL certifies the application.  *See* 20 C.F.R. § 656.30(b)(1) (2009).

   Second, if the labor certification is approved, the employer files a Form I-140 (Immigrant Petition for Alien Worker) with the USCIS pursuant to sections 203(b)(2) and (3) and 204(a)(1)(F) of the Act, 8 U.S.C. § 1154(a)(1)(F) (2006).  The I-140 must be filed with the USCIS within the labor certification's 180-day validity period.  *See* 20 C.F.R. § 656.30(b). Along with the labor certification, the employer must provide evidence showing that at the time the labor certification was filed, the employer had the ability to pay the offered wage and the alien possessed the required education and experience for the job offered.  *See* 8 C.F.R. §§ 204.5(a), (c), (g), (k), (l) (2009).  If the USCIS approves the I-140, it also determines the alien's preference classification under section 203(b)(2) or (3) of the Act, depending

---

[5] Employers intending to hire aliens eligible for classification under section 203(b)(2)(A) of the Act (aliens who are members of the professions holding advanced degrees or aliens of exceptional ability) require a labor certification unless they are eligible for a national interest waiver under section 203(b)(2)(B) of the Act.  Similarly, employers intending to hire aliens eligible for classification under section 203(b)(3)(A) of the Act (skilled workers, professionals, and unskilled workers) must obtain a labor certification under section 203(b)(3)(C) of the Act.  *See* 8 C.F.R. § 204.5(a)(2) (2009).

on the minimum job requirements for the certified job. *See* section 204(b) of the Act.

Third, if the USCIS approves the I-140 and a visa is immediately available, the alien may apply for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2006).[6] Aliens in removal proceedings, other than certain arriving aliens, file their Application to Register Permanent Residence or Adjust Status (Form I-485) with the Immigration Judge. *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1)(i) (2009). The burden is on the respondent to establish his adjustment eligibility. *See* section 240(c)(4) of the Act, 8 U.S.C. § 1229a(c)(4) (2006); 8 C.F.R. § 1240.8(d) (2009). To establish eligibility for adjustment of status under section 245(a) of the Act, the respondent must demonstrate that he has been inspected and admitted or paroled into the United States; is eligible to receive an immigrant visa and the visa is immediately available; is not statutorily barred from adjustment; and is admissible to the United States within the meaning of section 212(a) of the Act, or, if inadmissible, is eligible for a waiver of inadmissibility. The respondent must also demonstrate that adjustment should be granted in the exercise of discretion. *Matter of Blas*, 15 I&N Dec. 626 (BIA 1974; A.G. 1976); *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970). If an adjustment application is approved, the alien is accorded lawful permanent residence in the United States. *See* section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (2006) (defining the term "lawfully admitted for permanent residence").

At the time of adjustment of status, the alien must show the continued existence of an offer of employment, as set forth in the labor certification and I-140, and must demonstrate an intent to accept the offer of employment. *See Matter of Cardoso*, 13 I&N Dec. 228, 230 (BIA 1969) (holding that the respondent must have a bona fide *intent* to accept the certified job and agree to work for the certified employer in good faith). An alien is not required to have been employed by the certified employer prior to adjustment of status; nor is an alien required to establish an intent to remain at the certified job indefinitely. *See Yui Sing Tse v. INS*, 596 F.2d 831, 835 (9th Cir. 1979) (finding that an alien need not intend to remain at the certified job forever, but at the time of obtaining lawful permanent resident status, both the employer and the alien must intend that the alien be employed in the certified job);

---

[6] Because all employment-based categories are subject to annual numerical limits, a visa may not be immediately available. The Department of State tracks visa availability in its monthly Visa Bulletin. A visa is immediately available when the alien's priority date is earlier than the date for the specified preference category shown on the current Visa Bulletin. *See* 8 C.F.R. §§ 245.1(g)(1), 1245.1(g)(1) (2009). The alien's priority date is fixed when the labor certification is filed with the DOL or, if no labor certification is required, when the I-140 is filed with the USCIS. *See* 8 C.F.R. §§ 245.1(g)(2), 1245.1(g)(2); 20 C.F.R. §§ 656.17(c), 656.30(a).

*see also Matter of Tien*, 17 I&N Dec. 436 (BIA 1980), *rev'd*, *Pei-Chi Tien v. INS*, 638 F.2d 1324 (5th Cir. 1981).

### C. Section 245(i) Adjustment

The Second Circuit has asked us to consider the congressional intent behind the enactment of section 245(i) of the Act because of the respondent's reliance on it in this case. *See Rajah v. Mukasey*, 544 F.3d at 450. In *Matter of Briones*, 24 I&N Dec. 355, 359-61 (BIA 2007), we examined Congress's rationale for the 1994 enactment of section 245(i). As we discussed there, many close family members of aliens who legalized under section 245A of the Act, 8 U.S.C. § 1255a (2006), were unable to adjust status in the United States pursuant to section 245(a) because they had not been inspected and admitted into this country, or they were barred under section 245(c) of the Act. Consequently, they had to leave the United States and apply for an immigrant visa abroad. This placed a significant burden on aliens who were required to travel abroad to apply for an immigrant visa and on the Department of State, which was responsible for processing the visa applications. Congress responded by adding section 245(i) to the Act, which authorized aliens present in the United States without inspection and admission, or who were otherwise barred from adjustment under section 245(c), to adjust their status upon the payment of a surcharge, provided they met the other statutory and regulatory requirements for adjustment. As originally enacted, section 245(i) was scheduled to sunset after 3 years on October 1, 1997.

Congress later enacted a grandfather clause, which allows certain aliens to continue to benefit from the provision.[7] For section 245(i) eligibility purposes, a grandfathered alien is the beneficiary (including certain family members if they are eligible to receive a visa under section 203(d) of the Act) of a visa petition or labor certification that was (1) filed on or before April 30, 2001, (2) properly filed, and (3) approvable when filed. *See* section 245(i)(1) of the Act; 8 C.F.R. § 1245.10(a) (2009). "Approvable when filed" means a visa petition or labor certification that was "properly filed, meritorious in fact, and non-frivolous." 8 C.F.R. § 1245.10(a)(3). A labor certification is considered properly filed when it was "properly filed and accepted pursuant to the regulations of the Secretary of Labor, 20 CFR 656.21." 8 C.F.R. § 1245.10(a)(2); *see also De Acosta v. Holder*, 556 F.3d 16 (1st Cir. 2009) (holding that an alien's labor certification that was submitted on April 2, 2001, rejected as incomplete, and resubmitted on June 1, 2001, was not properly

---

[7] A grandfather clause is defined as "[a] statutory or regulatory clause that exempts a class of persons or transactions because of circumstances existing before the new rule or regulation takes effect." *Black's Law Dictionary* 706 (7th ed. 1999).

filed by April 30, 2001).[8] An alien relying on a visa petition or labor certification filed after January 14, 1998, must also establish that he or she was physically present in the United States on December 21, 2000. *See* 8 C.F.R. § 1245.10(a)(1)(ii).

The fact that an alien is grandfathered for section 245(i) purposes does not entitle the alien to adjust status or to remain in the United States while seeking adjustment of status. *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1365, 1367 (11th Cir. 2006) (finding that section 245(i) does not permit a removable alien to remain in the United States during the labor certification process). To adjust status under section 245(i) of the Act, a grandfathered alien must also be eligible to receive an immigrant visa, be admissible to the United States, and demonstrate that an immigrant visa is immediately available. *See* sections 245(i)(2)(A)–(B) of the Act. A grandfathered alien must also establish that adjustment is warranted in the exercise of discretion. *See Ahmed v. Gonzales*, 447 F.3d 433, 438 (5th Cir. 2006) (stating that eligibility for section 245(i) treatment does not create an automatic or mandatory exception to section 245(c) of the Act and that the adjustment application must also be granted in the exercise of discretion); *see also Usmani v. U.S. Att'y Gen.*, 483 F.3d 1147, 1151 (11th Cir. 2007) (holding that section 245(i) adjustment is a discretionary form of relief).

Whether an alien is seeking adjustment of status under section 245(a) or (i) of the Act, there may be lengthy delays and uncertainties resulting from the multi-step adjudication process. The underlying two-step process discussed in *Hashmi* for family-based petitions (which also relates to certain employment-based categories) and the three-step process for employment-based categories, which require labor certifications, must be followed, irrespective of whether an alien is applying for adjustment under section 245(a) or (i) of the Act. *Compare* sections 245(a)(2)–(3) of the Act *with* sections 245(i)(2)(A)–(B) of the Act. The only difference is that grandfathered aliens are exempt from both the inspection and admission requirement for adjustment at 245(a) and the statutory bars to adjustment set forth at section 245(c) of the Act.[9]

---

[8] Pursuant to 8 C.F.R. § 1245.10(a)(2)(i), an I-140 is considered properly filed if it "was physically received by the [DHS] on or before April 30, 2001, or if mailed, was postmarked on or before April 30, 2001, and accepted for filing" as required in 8 C.F.R. §§ 103.2(a)(1) and (2) (2009).

[9] A trilogy of 2006 cases from the Eleventh Circuit—each in a different stage in the adjudication process before the DOL or the USCIS when the continuance was requested—provides useful insight for evaluating the likelihood of success of a three-step

(continued...)

Because grandfathered aliens can adjust their status when other aliens would be precluded from adjusting, the Immigration Judges should specifically consider an alien's eligibility for section 245(i) treatment when considering a motion to continue. *See Butt v. Gonzales*, 500 F.3d 130 (2d Cir. 2007) (finding that the denial of a continuance based on a pending labor certification was an abuse of discretion because the Immigration Judge failed to consider the alien's section 245(i) eligibility); *Ahmed v. Gonzales*, 465 F.3d 806, 809 (7th Cir. 2006) (holding that the denial of a continuance based on the alien's intent to file a labor certification was not "reasoned" because the Immigration Judge failed to acknowledge the effect of the alien's section 245(i) eligibility, even though a visa was not immediately available).

### D. Standards for Evaluating Continuances Premised on a Pending I-140

We have long held that the Immigration Judge may, in the exercise of discretion, grant a continuance pending the final adjudication of a visa petition.[10] *See Matter of Garcia*, 16 I&N Dec. 653, 656-57 (BIA 1978) (clarifying *Matter of Kotte*, 16 I&N Dec. 449 (BIA 1978), and explaining that also in the employment context "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted"), *modified on other grounds*, *Matter of Arthur*, 20 I&N Dec. 475 (BIA 1992). We now hold that the Immigration Judge should consider the applicable factors we identified in *Matter of Hashmi*, 24 I&N Dec. 785, and any other relevant considerations when deciding whether to continue removal proceedings to await

---

(...continued)
employment-based adjustment application. *See Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212 (11th Cir. 2006); *Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375 (11th Cir. 2006); *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357. In all three cases, the respondents requested a continuance to afford them the opportunity to apply for section 245(i) adjustment, and each was denied by the Immigration Judge in decisions upheld by the Board. Zafar's application was based on his father's pending labor certification. Haswanee had an approved labor certification and a pending I-140. Merchant had an approved labor certification and had filed his I-140 and adjustment application concurrently. The court deemed Zafar's chance of ultimate success remote and found that the Immigration Judge did not abuse his discretion in denying Zafar's continuance. On the other hand, the court determined that the Immigration Judges abused their discretion in denying continuances to Haswanee and Merchant, given their approved labor certifications, immediate visa availability, and pending I-140s.

[10] We encourage the DHS to consider agreeing to administrative closure in appropriate circumstances, such as where there is a pending prima facie approvable visa petition. *Matter of Hashmi*, 24 I&N Dec. at 791 n.4.

adjudication by the USCIS or the DOL. Immigration Judges should not rely upon their completion goals when determining whether good cause exists for a continuance. *Id.* at 793-94.

As discussed in *Matter of Hashmi*, the focus of the inquiry is the likelihood of success on the adjustment application. A respondent who has a prima facie approvable I-140 and adjustment application may not be able to show good cause for a continuance because visa availability is too remote. *See, e.g.*, *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281 (11th Cir. 2008) (finding that no good cause was shown for a continuance where the alien's priority date was years in advance of current visa availability). Nonetheless, the Immigration Judge must evaluate the individual facts and circumstances relevant to each case. *See Ahmed v. Holder*, 569 F.3d 1009 (9th Cir. 2009). As we found in *Hashmi*, the Immigration Judge needs some basis to examine the merits of the adjustment application. Therefore, the respondent may be required to submit evidence of his adjustment eligibility, including the adjustment application, relevant supporting documentation, and USCIS fee receipts. *Matter of Hashmi*, 24 I&N Dec. at 792.

### E. Standards for Evaluating Continuances Premised on a Pending Labor Certification

Several circuits, including the Second Circuit in which this case arises, have followed the Eleventh Circuit's finding in *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, that an alien lacks good cause for a continuance based on a pending labor certification because without a prima facie approvable visa petition, eligibility for adjustment is too remote. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (finding that the Immigration Judge did not err in denying a second continuance request to apply for section 245(a) adjustment based on the alien's father's pending labor certification because no relief was then immediately available); *Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (finding that a continuance request for adjudication of a section 254(i) adjustment application based on a pending labor certification was not an abuse of discretion because the alien's eligibility was "speculative at best"); *Lendo v. Gonzales*, 493 F.3d at 442 (holding that the alien's continuance request based on his wife's pending labor certification was properly denied because he could not establish that he was eligible to receive a visa and that a visa was immediately available, as required by sections 245(i)(2)(A) and (B) of the Act); *Khan v. Att'y Gen. of U.S.*, 448 F.3d 226, 235 (3d Cir. 2006) (finding that the alien's continuance request for section 245(i) adjustment based on his wife's pending labor certification was properly denied because he could not establish visa eligibility and availability); *Ahmed v. Gonzales*, 447 F.3d at 438-39 (stating that the alien lacked good cause for

a continuance based on a pending labor certification because it was insufficient to establish prima facie eligibility for section 245(i) adjustment). These cases support the proposition that continuances should not ordinarily be granted based solely on a pending labor certification. We agree that the pendency of a labor certification generally would not be sufficient to grant a continuance in the absence of additional persuasive factors, such as the demonstrated likelihood of its imminent adjudication or DHS support for the motion.[11]

In evaluating good cause for the continuance premised on a pending labor certification or I-140, all the factors relevant to the alien's adjustment eligibility should be considered and articulated. Where applicable, the Immigration Judge should specifically acknowledge and consider the respondent's status as a grandfathered alien for section 245(i) eligibility purposes. *See Matter of Hashmi*, 24 I&N Dec. at 793.

Finally, at the direction of the court we consider the effect, if any, in a given case, of a labor certification being approved after the agency has acted, but while the case is subject to judicial review, which occurred here. The court's decision informed us that the respondent's labor certification was approved on July 11, 2007, while the case was pending before the court. *See Rajah v. Mukasey*, 544 F.3d at 450. We have since learned from the respondent that the labor certification is no longer valid because it expired. Such new evidence might affect the case on remand or in the context of a motion to reopen and would need to be reviewed on a case-by-case basis. *See, e.g.*, *Lendo v. Gonzales*, 544 F.3d at 443 n.3 (finding that an alien who was granted adjustment while the case was before the Fourth Circuit could move to reopen his removal proceedings).

## IV. APPLICATION TO THE RESPONDENT'S CASE

To decide whether a continuance is warranted in this case, we employ the *Hashmi* analysis: first, determining the respondent's place in the employment-based adjustment process; and, second, articulating, balancing, and explaining the *Hashmi* factors and any other relevant considerations. When the respondent appeared before the Immigration Judge, his labor

---

[11] When further analysis is warranted because of such additional factors, the Immigration Judge should also consider any indications that the labor certification is not facially legitimate, i.e., that it does not appear to be an application made in good faith by the employer and the respondent. If needed, the respondent may submit evidence that the application has been filed with the DOL, that the employer is prepared to file the I-140 within the 180-day validity period, and that the offer of employment, as prescribed in the labor certification, remains available. Documentation establishing that the relevant DOL processing times are imminent may also be submitted.

certification was pending. The record of proceedings does not include a copy of the labor certification, but it does contain a June 16, 2004, letter from the New York State Department of Labor indicating that a labor certification had been filed on the respondent's behalf by Crosslands Transportation, Inc., on April 30, 2001. Subsequent to the court's remand, the respondent filed a supplemental brief, which provides new, previously unavailable information regarding his adjustment eligibility.

The governing regulations provide that a party asserting that the Board cannot properly resolve an appeal without further fact-finding must file a motion for remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (2009). The respondent's submission of new evidence on appeal is not styled as such a motion. Nevertheless, we will determine whether a remand to consider the new evidence is appropriate in the exercise of our discretion. *See* 8 C.F.R. § 1003.2(a) (2009). The requirements for a motion to remand are essentially the same as the requirements for a motion to reopen. *See Matter of Coelho*, 20 I&N Dec. 464, 471 (BIA 1992); 8 C.F.R. § 1003.2(c)(4). The respondent concedes that the labor certification, which was approved while his case was pending judicial review, has since expired because it was not filed with a corresponding I-140 within the 180-day validity period. *See* 20 C.F.R. § 656.30(b)(2) (providing that labor certifications approved before July 16, 2007, remain valid for 180 calendar days after that date). He argues, however, that even though the labor certification has expired, it makes him a grandfathered alien eligible for section 245(i) adjustment. He does not claim to now be the beneficiary of a pending labor certification or immigrant visa petition, which if approved would render him eligible for section 245(i) adjustment. Rather, he indicates that "another employer is currently in the process of filing a new application for labor certification."

We conclude that a remand is not warranted in this case. The respondent's labor certification, although once approved, is now invalid. We agree that it makes him a grandfathered alien who could potentially be eligible for section 245(i) treatment. However, the respondent does not currently have a pending labor certification. He has not yet begun the lengthy three-step process, starting with the filing of a labor certification. To adjust status, a grandfathered alien must also demonstrate that he is eligible to receive an immigrant visa, that he is admissible to the United States, and that an immigrant visa is immediately available. *See* sections 245(i)(2)(A)–(B) of the Act. The respondent has not established prima facie eligibility for adjustment of status. *See Matter of Coelho*, 20 I&N Dec. 464 (stating that a motion to reopen may be denied based upon the failure to establish a prima facie case for the relief sought). Based on this new evidence we find no reason to remand this case.

**ORDER:**  The appeal is dismissed.
**FURTHER ORDER:**  The motion to remand is denied.