08-2117-ag
Weglarz v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
　　　JOSEPH M. McLAUGHLIN,
　　　ROBERT A. KATZMANN,
　　　GERARD E. LYNCH,
　　　　　*Circuit Judges*.

_____

GRZEGORZ WEGLARZ, BEATA TRZASKA,

　　　*Petitioners*,

　　　　　v.　　　　　　　　　　　　　No. 08-2117-ag

ERIC H. HOLDER, JR., United States Attorney General,[*]
　　　*Respondent*.

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

For Petitioners:                    GARTH A. MOLANDER, Bohemia, N.Y.

For Respondent:                     JULIA J. TYLER, Trial Attorney (Tony West, Assistant
                                    Attorney General, Civil Division, Barry J. Pettinato,
                                    Assistant Director, *on the brief*), Office of Immigration
                                    Litigation, U.S. Department of Justice, Washington,
                                    D.C.


Petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an

order of the Immigration Judge ("IJ") denying a continuance and ordering that petitioner be

removed.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the petition for review be and hereby is **DENIED**.

Petitioners Grzegorz Weglarz and his wife, Beata Trzaska, seek review of a final order of

removal issued by the BIA on April 3, 2008, which concluded that the IJ properly denied

petitioners' fourth request for a continuance because they failed to establish eligibility for

"grandfathering" under the Immigration and Nationality Act ("INA") § 245(i), 8 U.S.C. §

1255(i)(1), and failed to show that a visa is currently available to Weglarz.  We assume the

parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Where the BIA affirms the decision of the IJ and closely tracks the IJ's reasoning, we

review the decisions of the BIA and the IJ together.  *See Wangchuk v. Dep't of Homeland Sec.*,

448 F.3d 524, 528 (2d Cir. 2006).  The IJ may grant a request for a continuance at his or her

discretion "for good cause shown."  8 C.F.R. §§ 1003.29, 1240.6; *see also Matter of Sibrun*, 18 I.

& N. Dec. 354, 356-57 (BIA 1983).  A denial of a continuance is reviewed for abuse of

discretion.  *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).  Abuse of discretion, in

2

turn, is found where the "decision rests on an error of law . . . or a clearly erroneous factual finding or [the] decision . . . cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal quotation marks omitted).

In *Rajah v. Mukasey*, 544 F.3d 449 (2d Cir. 2008), we remanded to the BIA seeking clarification of the applicable standards in determining under what circumstances a denial of a continuance constitutes abuse of discretion.[1] *See id.* at 450. The BIA recently decided *Matter of Rajah*, 25 I. & N. Dec. 127 (BIA Nov. 12, 2009), which addresses our inquiry. As part of its reasoning, the BIA stated that "[i]n determining whether good cause exists for a continuance . . . the focus of the inquiry is the likelihood of success on the adjustment application." *Id.* at 130.

Weglarz[2] entered the United States without inspection. He is therefore eligible for adjustment of status only if he is "grandfathered" under INA § 245(i). *See* 8 C.F.R § 1245.10(b); *see also Butt v. Gonzales*, 500 F.3d 130, 132 (2d Cir. 2007). To qualify as grandfathered under the provision, an alien must be the beneficiary of either a petition for classification under INA § 204, 8 U.S.C. § 1154, or an application for a labor certification under INA § 212(a)(5)(A), 8 U.S.C. § 1182(a)(5)(A), properly filed on or before April 30, 2001. 8 U.S.C. §§ 1255(i)(1)(A)-(C). The beneficiary of a petition or application filed after January 4, 1998 must also have been physically present in the United States on December 21, 2000. 8 U.S.C. § 1255(i)(1)(C); s*ee also Butt*, 500 F.3d at 132-33.

---

[1] We have since remanded at least two other cases with a similar instruction. *See Ghoniem v. Mukasey*, 305 Fed. Appx. 738, 740 (2d Cir. Jan. 6, 2009) (remanding because there was a "need for standards in order to determine when continuances are within the range of permissible decisions and when they are not"); *Ziemak v. Holder*, No. 08-2522, 2009 WL 412941, at *1 (2d Cir. Feb. 19, 2009) (same).

[2] References to Weglarz as lead petitioner also include Trzaska, his spouse.

Because any labor certifications or petitions Weglarz filed were filed after January 4, 1998, to be eligible for adjustment of status he must, as a threshold matter, demonstrate that he was physically present in the United States on December 21, 2000. In finding that Weglarz had failed to demonstrate that he is grandfathered under INA § 245(i), the IJ and BIA relied on Weglarz's asylum application, which states that he entered the country on July 14, 2004. Weglarz maintains, however, that he was present in the country "several months before April 30, 2001," and because he also asserts that he is properly grandfathered under INA § 245(i), presumably he also argues that he was physically present in the United States even earlier, on December 21, 2000.

The only record support for this is an old labor certification Weglarz claims was abandoned, which indicates that he worked as an ornamental plasterer for a company in Bohemia, New York, from January 1998 until February 2000. However, this does not establish that he was physically present in the United States on a date ten months after the job ended, and there is no other indication that he was. Counsel below, despite numerous available avenues by which to introduce into the record evidence that Weglarz was present in the United States on December 21, 2000 failed to do so; counsel on appeal also appears unable to make any specific representation as to when Weglarz entered the country. Thus, the agency did not abuse its discretion in denying Weglarz a fourth continuance on the ground that he failed to establish eligibility for grandfathering.

Though this threshold failure provides adequate grounds upon which to dismiss the petition, we further note that the BIA, in *Matter of Rajah*, also stated that "continuances should not ordinarily be granted based solely on a pending labor certification." 24 I. & N. Dec. at 137.

4

In this case, however, Weglarz's counsel informed the IJ that she had not yet filed for a labor certification, so there was not even any pending labor certification for the IJ to consider. Weglarz's labor status was, thus, squarely within the realm of the speculative.  Under the circumstances, we cannot find any abuse of discretion in the IJ's denial of the continuance.

We have considered petitioner's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is hereby **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____