10-2428-ag
Campos Tito v. Holder

BIA
Straus, IJ
A076 520 796

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand eleven.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MIGUEL ANTONIO CAMPOS TITO,
> *Petitioner,*

> v.                                                          10-2428-ag
>                                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, Formica, P.C.,
                         New Haven, Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Melissa Neiman-Kelting,
                         Senior Litigation Counsel; Stefanie
                         Notarino Hennes, Trial Attorney,

**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Miguel Antonio Campos Tito, a native and citizen of Peru, seeks review of a May 20, 2010, order of the BIA, affirming the June 6, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, denying his motion for a continuance to allow him to pursue adjustment of status and ordering him removed. *In re Campos Tito*, No. A076 520 796 (B.I.A. May 20, 2010), *aff'g* No. A076 520 796 (Immig. Ct. Hartford June 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's affirmance of an IJ's decision to deny a motion for a continuance for abuse of discretion. *See Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006).

2

The regulations provide that an IJ "may grant a motion for continuance for good cause shown."  8 C.F.R. § 1003.29. Here, Campos Tito sought a continuance before the IJ to pursue his application for adjustment of status.  The agency found that a continuance was not warranted because Campos Tito did not have an offer of employment that would support adjustment of status, as his former employer was no longer willing to employ him under the terms of the labor certification.  The agency did not err in according significant weight to the fact that Campos Tito did not present a viable employment offer in denying his motion, as it has explained that "the focus of the inquiry is the likelihood of success on the adjustment application." *Matter of Rajah*, 25 I. & N. Dec. 127, 136 (B.I.A. 2009).

Campos Tito argues that the BIA's standards in *Matter of Rajah* are not applicable to his case because, unlike the alien in that case, he has an approved I-140 Petition. However, because Campos Tito's approved I-140 Petition would not render him eligible to adjust status as he no longer had an offer of employment, his situation is sufficiently analogous to *Matter of Rajah*, 25 I. & N. Dec. at 135–36, that the Board's reliance on that decision was not error.

Campos Tito further argues that his case warrants a favorable exercise of discretion because his employer withdrew the offer of employment without warning on the eve of his hearing.  However, there is no indication that the BIA overlooked the positive equities in his case, and the presence of such equities does not require the conclusion that the BIA abused its discretion in upholding the IJ's denial of a continuance.  *See id.; see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (the Court will presume that the agency has taken account of all the evidence before it "unless the record compellingly suggests otherwise").

Campos Tito further argues that remand is required because the IJ erred in finding that he would not have jurisdiction to determine whether a new employer would qualify as a substitute under 8 U.S.C. § 1154(j).  *Cf. Freire v. Holder*, __ F.3d ___, 2011 WL 2090820, at *3 (2d Cir. May 27, 2011) (holding that BIA has authority to grant continuance even where it lacks jurisdiction to adjust alien's status).  This issue is irrelevant, however, because the BIA recognized that the IJ's statement with respect to his jurisdiction was incorrect under its intervening

4

decision in *Matter of Marcal Neto*, 25 I. & N. Dec. 169, 173 (B.I.A. 2010), but still agreed with the IJ's decision not to grant a continuance for other reasons. *See Yan Chen*, 417 F.3d at 271 (we review only the decision of the BIA when it disagrees with the IJ).

Finally, Campos Tito argues that the BIA should have remanded his case to the IJ for further factual findings, rather than "assuming" that he had no substitute employer. However, Campos Tito did not assert before the BIA, and likewise does not assert before this Court, that he has a new qualifying offer of employment. Accordingly, the BIA did not err in noting that Campos Tito had not shown that he has a qualifying offer of employment, and in upholding the IJ's denial of a continuance. *See Matter of Rajah*, 25 I. & N. Dec. at 136.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk