NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2723
_____

MELVIN OMAR PAIZ-CABRERA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A099-940-431)
Immigration Judge: Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012

Before: SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Filed: March 20, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

     Melvin Omar Paiz-Cabrera ("Paiz") petitions for review of the Board of

Immigration Appeals' final order of removal.  For the reasons that follow, we will deny

the petition for review.

Paiz, a native and citizen of Guatemala, entered the United States without being admitted or paroled. Paiz claimed that he crossed the border at Nogales, Arizona in late 1992, when he was 14 years old. On August 1, 2007, Paiz was placed in removal proceedings pursuant to a Notice to Appear. It is undisputed that Paiz is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). At a hearing before the Immigration Judge on February 20, 2008, Paiz applied for cancellation of removal for certain non-permanent residents, INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). The application was based on a claim that his removal would result in exceptional and extremely unusual hardship to his then fifteen month-old daughter, Alba.

In November 2008, Paiz married Cristina Estevez, a United States citizen and the mother of his four year-old son Frankie. In that same month, Estevez filed a Form I-130 Petition for Alien Relative on Paiz's behalf with the United States Citizenship and Immigration Services ("USCIS"). At a hearing on December 4, 2008 before the IJ, Paiz, with the assistance of counsel, agreed to withdraw his application for cancellation of removal in favor of awaiting the outcome of the immediate relative petition filed by his wife. This was done with the understanding that Paiz would be granted 120 days in which to voluntarily depart following the approval of the petition.[1] Paiz agreed to withdrawal after the IJ advised him that the cancellation of removal application was unlikely to succeed because he could not show exceptional and extremely unusual hardship to a qualifying relative. With Paiz's agreement, the IJ approved the withdrawal

---

[1] The plan was for Paiz to voluntarily depart and then pursue consular processing for his adjustment of status application.

2

of the cancellation of removal application with prejudice, and agreed to continue proceedings until such time as the visa petition was approved. No voluntary departure order was issued, and the hearing was continued for six months. Thereafter, the IJ granted three more continuances to Paiz in accordance with the negotiated agreement.

On July 7, 2010, the USCIS approved the immediate relative petition. On August 19, 2010, son Melvin was born to the couple. In September 2010, Paiz directed his counsel to seek reinstatement of the application for cancellation of removal. Counsel filed the necessary motion, in which Paiz contended that he now qualified for cancellation of removal because he has three children instead of two, and because his wife was suffering from depression. He stated that he preferred to pursue cancellation of removal rather than the original plan, which would have required him to depart the United States, and await the uncertainties of consular processing. Paiz attached documentary evidence to his motion to reinstate, including a certificate of birth for his youngest child and a one-page letter, dated June 28, 2010, from a behavioral services clinic, in which it was stated that Estevez suffered from a "Major Depressive Disorder/anxiety disorder," A.R. 158, and was deeply depressed and panicky due to her husband's immigration problems. The Department of Homeland Security opposed the motion to reinstate.

On December 21, 2010, the IJ denied the request to reinstate the application for cancellation of removal and ordered Paiz removed to Guatemala. In denying reinstatement, the IJ reasoned that: (1) the cancellation of removal application was withdrawn *with prejudice*, and the withdrawal was voluntary and with the advice of

3

counsel; (2) continuances had been generously granted over a two-year period while Paiz awaited the approval of the immediate relative petition; (3) the original plan was favorable to Paiz in that it would have reduced the amount of overseas visa processing time; (4) there had been no intervening and favorable changes in the law; (5) the 2008 assessment of Paiz's chances of showing exceptional and extremely unusual hardship to a qualifying relative had not been incorrect; and (6) the medical documentation of his wife's depression was limited. Paiz appealed to the Board of Immigration Appeals, arguing that his new evidence should have been considered on the merits, and, had it been considered, it would have entitled him to cancellation of removal and thus provided a basis for reinstatement.

On May 26, 2011, the Board dismissed the appeal. The Board agreed with the IJ that Paiz had a fair opportunity to present his case, reasoning that it was undisputed that Paiz had voluntarily withdrawn his original application for cancellation of removal with prejudice, and that the IJ had granted him numerous continuances to await the approval of the immediate relative petition. Noting that the IJ has the authority to narrow issues and obtain stipulations, 8 C.F.R. § 1003.21(a), the Board further reasoned that Paiz withdrew his cancellation of removal application "as a strategic option to await adjudication of his I-130 [petition] and to seek consular processing after voluntarily departing." A.R. 4. With respect to the merits of his renewed cancellation of removal argument, the Board concluded that the IJ had fully considered the new evidence. The Board then agreed with the IJ that Paiz's new evidence would likely not meet the exceptional and extremely unusual hardship to a qualifying relative test, see generally

4

Matter of Rajah, 25 I. & N. Dec. 127, 136 (BIA 2009) (an inquiry for a continuance should focus on the likelihood of success of the application for relief). Paiz's evidence of his wife's psychological problems was indeed limited. There was no psychological report or witness proffer to explain the one-page document. Moreover, Paiz did not contend that his third child had any health or developmental problems.

Paiz has timely petitioned for review of the Board's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1), and previously denied him a stay of removal. In his brief, Paiz argues that the agency's decision refusing reinstatement was not in keeping with the spirit of Dada v. Mukasey, 554 U.S. 1 (2008) (alien may withdraw voluntary departure request as long as request is made within the voluntary departure period). The Department of Homeland Security has argued that Dada is inapposite because Paiz was never granted voluntary departure, and that, in any event, the original negotiated agreement was fair to Paiz, and his new evidence is simply the result of his continued presence in the United States. Further, there are strong policy reasons for, in essence, enforcing the original agreement, including discouraging dilatory conduct, ensuring finality, and resolving claims in a non-adversarial fashion.

We will deny the petition for review. We review the agency's decision denying a motion to reinstate for an abuse of discretion. Cf. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (concerning motions to reopen). We will disturb the Board's denial of such a motion only if it arbitrary, irrational, or contrary to law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). We conclude that the agency did not act arbitrarily, irrationally, or contrary to law in refusing to reinstate Paiz's cancellation of removal

5

application and in refusing to further continue the proceedings. With the advice of counsel, Paiz voluntarily withdrew his original application for cancellation of removal with prejudice. The original negotiated agreement was fair to Paiz. Moreover, the IJ granted him numerous continuances to await the approval of the immediate relative petition. Paiz's reliance upon <u>Dada</u>, 554 U.S. 1, is misplaced. <u>Dada</u> holds only that an alien may *withdraw* a voluntary departure request as long as the request is made within the voluntary departure period. Paiz was never granted voluntary departure.

We further agree with the Board that the IJ fully considered Paiz's new evidence, and we see no arbitrariness in the Board's observation that the new evidence was limited. As the Board itself noted in citing <u>Matter of Rajah</u>, an inquiry for a continuance should focus on the likelihood of success of the application for relief, but, here, Paiz was asking for more than a continuance. He was asking to reinstate his application *after* agreeing to withdraw it with prejudice, and *after* reaping the benefit of the agreement, which was to remain in the United States while awaiting the approval of the immediate relative petition. There are, as the Department of Homeland Security has argued, strong policy reasons for enforcing a scrupulously fair agreement of the kind entered into here between the agency and Paiz.

For the foregoing reasons, we will deny the petition for review. The Court by this Opinion does not preclude the Respondent from granting administrative relief to Petitioner if he seeks the same but the Court expresses no opinion on whether such relief should be granted.

6