# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2012

No. 11-60397
Summary Calendar

Lyle W. Cayce
Clerk

MANUEL ERNESTO PEREZ-CASTILLO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 905 665

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Ernesto Perez-Castillo, a native and citizen of Mexico, requested a fifth continuance of his removal proceedings to permit additional time for a collateral challenge of his 1992 conviction for possession of marijuana with intent to distribute. Perez-Castillo argues that, prior to denying the continuance, the Immigration Judge (IJ) failed to weigh the factors identified by the Board of Immigration Appeals (BIA) in *Matter of Hashmi*, 24 I. & N. Dec.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

785, 790-91 (BIA 2009), and *Matter of Rajah*, 25 I. & N. Dec. 127, 130 (BIA 2009).

The grant of a motion to continue lies within the sound discretion of the immigration courts, which may grant such motions for good cause shown. *Witter v. I.N.S.*, 113 F.3d 549, 555 (5th Cir. 1997) (IJ); *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (BIA). Perez-Castillo, who had the burden of showing good cause, has not established that the denial of his request for another continuance constituted an abuse of discretion. *See Cabral*, 632 F.3d at 890; *see also Ahmed v. Gonzales*, 447 F.3d 433, 436-37 (5th Cir. 2006) (discussing jurisdiction to review the denial of a motion for a continuance).

The BIA determined that Perez-Castillo's state conviction for possession with intent to distribute had not been vacated at the time of his immigration proceedings; that Perez-Castillo could not attack the validity of his state conviction during his immigration proceedings; and that, under its precedent, a pending collateral attack on a conviction did not justify continuance of the removal proceedings or disturb the finality of the conviction for immigration purposes. Such determinations do not constitute an abuse of discretion. *See Cabral*, 632 F.3d at 890. Perez-Castillo's reliance on *Hashmi*, 24 I. & N. Dec. at 790-91, and *Rajah*, 25 I. & N. Dec. at 130, is misplaced because there is no indication that he is the beneficiary of a pending I-130 petition, an employment-based visa petition, a labor certification, or any other adjustment-of-status process.

Finally, Perez-Castillo has not challenged the IJ's findings that he is removable because he stayed in the United States after his temporary residency status was revoked and because he failed to establish a legal basis to remain in the country. Perez-Castillo has therefore waived this issue. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

For the reasons set forth above, Perez-Castillo's petition for review is DENIED.