**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURINDERPAL SINGH SETIA; MANMEET KAUR SETIA; HARDEEP SINGH SETIA; HARPREET SINGH G SETIA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71390 <br><br> Agency Nos.     A097-125-559 <br>                     A097-125-560 <br>                     A097-125-561 <br>                     A097-125-562 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2014
Resubmitted December 19, 2014
San Francisco, California

Before: O'SCANNLAIN, FISHER, and HURWITZ, Circuit Judges.

Gurinderpal Singh Setia petitions for review from the BIA's dismissal of his

appeal from the denial of his application for asylum by an immigration judge (IJ). We

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

grant the petition in part, deny in part, and remand.

1.  We deny the petition insofar as it attacks the merits of the denial of asylum. The IJ's adverse credibility finding was properly supported by detailed findings. *See De Leon-Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997). Moreover, substantial evidence supports the IJ's determination that Setia was not mistreated because of his political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

2.  A remand is required, however, for further consideration of Setia's motion for a continuance. An immigration judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. The IJ denied Setia's request for a second continuance because "this case has been pending . . . almost three years," "it is not clear that [Setia's I-140 visa] priority date will be current anytime soon," and Setia's "accrued illegal presence."

3.  The BIA affirmed. Its sole ground for doing so was that, because Setia "does not have an immediately available immigrant visa, he is not prima facie eligible for adjustment of status." To the contrary, Setia was "not required to show prima facie eligibility for adjustment of status to demonstrate 'good cause' for a continuance." *Ahmed v. Holder*, 569 F.3d 1009, 1015 (9th Cir. 2009). Given the BIA's sole reliance on this ground for affirming the denial of the continuance, we

2

remand to allow the agency to consider the factors outlined in our case law and its prior decisions relating to continuance motions. *See id.* at 1012-15; *Matter of Rajah*, 25 I. & N. Dec. 127, 135-36 (BIA 2009).

**DENIED IN PART, GRANTED IN PART, AND REMANDED.** Each party shall bear its own costs.

*Setia v. Holder*, No. 11-71390

O'Scannlain, *Circuit Judge*, dissenting in part:

An alien is prima facie qualified for an adjustment of status if he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence—and—such visa is immediately available at the time of the filing of the application. 8 U.S.C. § 1255(i)(2). While an alien is not "required" to show prima facie eligibility to merit a continuance, *see Ahmed v. Holder*, 569 F.3d 1009, 1015 (9th Cir. 2009), an Immigration Judge may consider lack of immediate visa availability when exercising his discretion to determine whether a continuance is appropriate in that particular case. *See In re Hashmi,* 24 I. & N. 785, 790 (BIA 2009); *see also In re Rajah*, 25 I. & N. Dec. 127, 136 (BIA 2009) ("A respondent who has a prima facie approvable I-140 and adjustment application may not be able to show good cause for a continuance because visa availability is too remote."). Thus, I would deny the petition in full.