MEMORANDUM *
Gurinderpal Singh Setia petitions for review from the BIA’s dismissal of his appeal from the denial of his application for asylum by an immigration judge (IJ). We grant the petition in part, deny in part, and remand.
1. We deny the petition insofar as it attacks the merits of the denial of asylum. The IJ’s adverse credibility finding was *348 properly supported by detailed findings. See De Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997). Moreover, substantial evidence supports the IJ’s determination that Setia was not mistreated because of his political opinion. See INS v. Elias-Zacatrias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
2. A remand is required, however, for further consideration of Setia’s motion for a continuance. An immigration judge “may grant a motion for continuance for good cause shown.” 8 C.F.R. § 1003.29. The IJ denied Setia’s request for a second continuance because “this case has been pending ... almost three years,” “it is not clear that [Setia’s 1-140 visa] priority date will be current anytime soon,” and Setia’s “accrued illegal presence.”
3. The BIA affirmed. Its sole ground for doing so was that, because Setia “does not have an immediately available immigrant visa, he is not prima facie eligible for adjustment of status.” To the contrary, Setia was “not required to show prima facie eligibility for adjustment of status to demonstrate ‘good cause’ for a continuance.” Ahmed v. Holder, 569 F.3d 1009, 1015 (9th Cir.2009). Given the BIA’s sole reliance on this ground for affirming the denial of the continuance, we remand to allow the agency to consider the factors outlined in our case law and its prior decisions relating to continuance motions. See id. at 1012-15; Matter of Rajah, 25 I. & N. Dec. 127, 135-36 (BIA 2009).
DENIED IN PART, GRANTED IN PART, AND REMANDED. Each party shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.