09-4909-ag
Korcinska v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and ten,

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

ADRIANA KORCINSKA, JAN ADAMOVIC,

                                        *Petitioner*,

          -v-                                            09-4909-ag

ERIC H. HOLDER, JR., United States Attorney General,

                                        *Respondent*.

_____

Appearing for Petitioner:     Elyssa N. Williams, New Haven, CT.

Appearing for Respondent:     Katherine A. Smith, Trial Attorney, Office of Immigration Litigation Civil Division, U.S.D.O.J.; Tony West, Assistant Attorney General Civil Division, Douglas E. Ginsburg, Assistant Director, Office of Immigration Litigation, Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Adriana Korcinska and her husband Jan Adamovic ("petitioners"), natives and citizens of the Slovak Republic, seek review of an October 29, 2009, order and decision of the BIA, affirming the March 4, 2009, order and decision of the Immigration Judge (Strauss, *I.J.*),

denying petitioners' request for a continuance pursuant to 8 C.F.R. §§ 1003.29, 1240.6, and ordering petitioners removed. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, petitioners argue that the IJ abused his discretion in denying petitioners' motion for a continuance. Petitioners allege that neither the IJ nor the BIA followed the standards set forth in *Matter of Rajah*, 25 I. & N. Dec. 127 (BIA 2009), for deciding when a continuance should be granted "for good cause." Specifically, they argue that the IJ erred in not properly taking into account Korcinska's eligibility for adjustment of status under 8 U.S.C. § 1255(i).

The BIA adopted the reasoning of the IJ. "When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) (quotation marks and alterations omitted). The IJ may grant a request for a continuance at her or his discretion "for good cause shown." 8 C.F.R. §§ 1003.29, 1240.6; *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 355-56 (BIA 1983). A court of appeals has jurisdiction to review an IJ's denial of a continuance, and that review is conducted under a "highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). The IJ abuses his discretion where "(1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions." *Id.* at 551-52 (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)) (alterations omitted).

In *Rajah v. Mukasey*, 544 F.3d 449 (2d Cir. 2008), this court requested the BIA to set forth standards for when an IJ could decide, within her or his discretion, to grant a continuance. The court explained it could not "adequately consider whether the agency abused its discretion in denying petitioner's request for a continuance . . . in the absence of standards that reflect the various situations of those seeking such continuances." *Id.* at 450. Less than a month after the BIA affirmed the IJ's decision in the case of Korcinska, the BIA responded to the Second Circuit in *Matter of Rajah*, 25 I. & N. Dec. 127. The BIA there held: "[i]n determining whether good cause exists for a continuance, the Immigration Judge should first determine the respondent's place in the employment-based adjustment of status process and then consider and balance the *Hashmi* factors, if applicable, and any other relevant considerations."[1] *Id.* at 130. The BIA

---

[1] *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009) is an earlier, precedential opinion which addressed the factors the IJ should consider in determining whether to continue proceedings to afford the United States Citizenship and Immigration Services ("USCIS") the opportunity to adjudicate a family-based I-130 Petition for Alien Relative Form which, if approved, would render the respondent prima facie eligible for adjustment of status. The factors enunciated in *Hashmi* are illustrative rather than exhaustive and include consideration of: "(1) the [Department of Homeland Security] response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of

2

further noted that "the focus of the inquiry is the likelihood of success on the adjustment application." *Id. Matter of Rajah* emphasized that an IJ can properly take into account the remoteness of the availability of a visa in deciding that no good cause was shown for granting a continuance. *Id.* at 137. The IJ must also "evaluate the individual facts and circumstances relevant to each case." *Id.* at 136. Accordingly, "the respondent may be required to submit evidence of his adjustment eligibility, including the adjustment application, relevant supporting documentation and USCIS fee receipts." *Id.* In particular, "[b]ecause grandfathered aliens can adjust their status when other aliens would be precluded from adjusting, the Immigration Judge should specifically consider an alien's eligibility for section 245(i) treatment when considering a motion to continue." *Id.* at 135.

Petitioners argued to the IJ that Korcinska was "grandfathered" under § 1255(i) because her father had filed a labor certification before April 30, 2001. *See* 8 U.S.C. § 1255(i)(1)(B)(ii). Accordingly, she would benefit from his grandfathered status as the spouse or child of the principal alien. *See id.* § 1255(i)(1)(B). Petitioners did not, however, submit any evidence before the IJ, before the BIA, or before this Court to support their allegations that Korcinska was eligible for adjustment of status. The IJ noted that Korcinska had alleged her father had properly adjusted status. He also indicated Korcinska had not yet filed her labor certification when she appeared before him. The IJ concluded that because the labor certification had not yet been filed, Korcinska would still have to file an I-140 petition, and as a skilled worker, Korcinska had a "long way for visa numbers to become available." Accordingly, he reasoned that "any relief at this time is purely speculative."

Korcinska not only failed to introduce evidence into the record, but a labor petition had not yet been filed at the time of the hearing before the IJ. While petitioners indicate the petition had been submitted by the time of their appeal to the BIA, petitioners submitted no evidence to support their assertion. Accordingly, we cannot say that the IJ abused his discretion in denying petitioners' request for a continuance. *See Elbahja v. Keisler*, 505 F.3d 125 (2d Cir. 2007) (per curiam).

We therefore DENY the petition for review and AFFIRM the decision of the BIA.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

discretion; and (5) the reason for the continuance and other procedural factors." *Id.* at 790-91. *Matter of Hashmi* also indicated that compliance with case completion goals is not a proper consideration in deciding to deny a continuance request. *Id.* at 793-94.