08-4134-ag(L); 09-1128-ag(CON)
Rana v. Holder

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT: PIERRE N. LEVAL,
         RICHARD C. WESLEY,
              *Circuit Judges*,
         JOHN GLEESON,[*]
              *District Judge*.

_____

Khalid Rana, also known as Khalid Pervez Rana,

    *Petitioner*,

    v.               08-4134-ag(L); 09-1128-ag(CON)

Eric H. Holder, Jr., United States Attorney General,[**] Immigration & Customs Enforcement, United States Secretary of the Department of Homeland,

    *Respondents*.

_____

_____

[*]The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

[**]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

APPEARING FOR PETITIONER:  PANKAJ MALIK, Malik & Associates, East Elmhurst, N.Y.

APPEARING FOR RESPONDENTS:  ANH-THU P. MAI-WINDLE, Senior Litigation Counsel (Tony West, Assistant Attorney General, and Thomas B. Fatouros, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

Appeal from the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is **GRANTED** and the matter **REMANDED.**

Petitioner Khalid Rana appeals from two orders of the Board of Immigration Appeals ("BIA"), one dismissing his appeal of an order of removal and the other denying his motion to reopen. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After the BIA dismissed Petitioner's appeal, we issued our decision *Rajah v. Mukasey*, 544 F.3d 449 (2d Cir. 2008). In *Rajah*, we reviewed an Immigration Judge's refusal to grant a continuance where the petitioner awaited adjudication of his labor certification. *Id*. at 453. We concluded that we could not answer whether the Immigration Judge had abused her discretion, because the BIA had not sufficiently identified the boundaries of that discretion in

2

the context of a pending labor certification. *Id*. at 456. We remanded to the BIA, noting "it [was] imperative that the agency connect the notion of 'sufficient time' with the practicalities of the labor certification and immigration process as well as with the intentions of Congress." *Id*.

On remand, in *Matter of Rajah*, the BIA addressed our request to outline the standard to be used to evaluate a petitioner's motion for continuance when a petitioner has a pending labor certification. 25 I & N. Dec. 127 (B.I.A. 2009); *see also Rajah*, 544 F.3d at 450. The BIA looked first to its recent decision in *Matter of Hashmi*, which outlined a variety of factors that may be considered by Immigration Judges and the BIA when evaluating a request for a continuance, including: "(1) the [Department of Homeland Security] response to the motion; (2) whether the underlying visa petition is *prima facie* approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *Id.* at 130 (quoting *Matter of Hashmi*, 24 I & N Dec. 785, 790 (B.I.A. 2009)). The BIA determined that when, as here, Petitioner has a pending I-140 application, "the Immigration Judge should consider the applicable factors we identified

3

in *Matter of Hashmi*, and any other relevant considerations when deciding whether to continue removal proceedings to await adjudication by the [United States Citizenship and Immigration Services] or the [United States Department of Labor]. . . .[T]he focus of the inquiry is the likelihood of success on the adjustment application. . . . evaluat[ing] the individual facts and circumstances relevant to each case." *Id*. at 135-36.

Neither the BIA's dismissal of Petitioner's appeal of his order of removal, nor the BIA's denial of Petitioner's motion to reopen, contained the necessarily analysis to meet the standard *Matter of Rajah* outlines. Though Petitioner raised the existence of his I-140 application in both his appeal brief and in his motion to reopen, neither order even acknowledged Petitioner's pending application. Accordingly, the case must be remanded to the BIA to conduct the review in light of its decision in *Matter of Rajah.*

For the foregoing reasons, the petition is **GRANTED** and the matter **REMANDED** for further proceedings not inconsistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk