08-3059-ag
Dominguez-Vidal v. Holder

BIA
A78-397-126

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand eleven.

PRESENT:    AMALYA L. KEARSE,
            RALPH K. WINTER,
            PETER W. HALL,
                        *Circuit Judges.*
------------------------------------------------------------------x
EDGAR JAVIER DOMINGUEZ-VIDAL,

                        *Petitioner*,

    -v.-                                                    No. 08-3059-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]

                        *Respondent*.
------------------------------------------------------------------x

APPEARING FOR PETITIONER:        Robert C. Ross, West Haven, Connecticut.

---

[*]Attorney General Eric H. Holder, Jr., is automatically substituted as the respondent in this case pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

1

APPEARING FOR RESPONDENT:        R. Alexander Goring, Trial Attorney (Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Edgar Javier Dominguez-Vidal, a native and citizen of Peru, petitions for review of a May 29, 2008, decision of the BIA dismissing his appeal from the order of an immigration judge ("IJ"): (1) denying Dominguez-Vidal's motion for a continuance of proceedings so that he could seek adjustment of status based on employment certification; and (2) ordering Dominguez-Vidal removed to Peru. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues raised on petition for review.

We review the denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Thus, the agency's denial of a continuance must be upheld if it is "within the range of permissible decisions," with "wide latitude" granted to the IJ to manage his own calendar. *Id.* at 551-52.

In *Matter of Hashmi*, the BIA held that, in determining whether to grant a motion for a continuance, an IJ should consider:

> (1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

2

24 I. & N. Dec. 785, 790 (BIA 2009). Subsequently, the BIA explained that, in the particular context of motions to continue proceedings to await adjudication of employment-based adjustment of status petitions, the IJ should weigh the *Hashmi* factors, but "the focus of the inquiry is the likelihood of success on the adjustment application." *Matter of Rajah*, 25 I. & N. Dec. 127, 130 (BIA 2009).

The IJ and BIA decisions in the present case predate the BIA's enunciation of the relevant standards in *Hashmi* and *Rajah*, and the agency thus has not had the opportunity to apply those standards to the present case. The Government argues that we may nevertheless deny the petition for review because the IJ based his decision on the present unavailability of a visa number and the uncertainty as to when a visa number might become available. We disagree. The IJ unquestionably was permitted to consider, as one factor in his analysis, the potentially long wait for Dominguez-Vidal's priority date to become current. *See Rajah*, 25 I. & N. Dec. at 136 ("A respondent who has a *prima facie* approvable I-140 and adjustment application may not be able to show good cause for a continuance because visa availability is too remote.") However, we cannot be certain that either the IJ or the BIA would reach the same result after *Rajah*, because neither the IJ nor the BIA placed the "focus of the inquiry" on "the likelihood of success on the adjustment application" as *Rajah* now requires. 25 I. & N. Dec. at 130.

The Government does not dispute that Dominguez-Vidal has an approved I-140 and valid employment certification. Furthermore, we note that the most recent Visa Bulletin from the State Department sets the current priority date for Dominguez-Vidal's class of work at April 22, 2003, less than five months before Dominguez-Vidal's own priority date of September 17, 2003. *See* Visa Bulletin for January 2011, *available at* http://travel.state.gov/visa/bulletin/bulletin_5212.html. Remand is therefore not futile, as the agency may well conclude that Dominguez-Vidal is likely to

3

be eligible for adjustment of status in the near future.  We may not, and do not, instruct the agency how to apply the *Rajah* standard to this case.  However, we conclude, as we have in similar cases, that the agency must consider the continuance motion in accordance with the standard set forth in *Rajah*.  *See, e.g., Rana v. Holder*, 363 Fed. Appx. 779, 781 (2d Cir. 2010) (summary order).

For the foregoing reasons, we GRANT the petition for review, VACATE the BIA's order, and REMAND the case to the BIA for further proceedings not inconsistent with this summary order. We DISMISS Dominguez-Vidal's pending motion for a stay of removal as MOOT.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4