[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-15081
Non-Argument Calendar

————————————————

Agency No. A089-510-287

JAVONTY AKEEBA PARIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(May 6, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Javonty Akeeba Paris seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of Paris's motion for a continuance to await the state court's adjudication of his appeal from the denial of his motion to vacate his criminal convictions. Upon review of the record and consideration of the parties' briefs, we deny the petition for review.

## I.  BACKGROUND

### A.    1993 Entry and 2008 Adjustment of Status Approval

In April 1993, when he was three years' old, Petitioner Paris, a native and citizen of Saint Kitts and Nevis, entered the United States as a non-immigrant visitor.  In 2000, Paris's mother became a naturalized U.S. citizen.

In February 2007, at the age of seventeen, Paris filed an application to adjust his status to that of a lawful permanent resident.[1]  In September 2008, when he was nineteen, Paris's application was approved, and he obtained lawful permanent resident status.  Because Paris's application was approved after he turned eighteen, he was too old to automatically gain citizenship through his mother.[2]  See Immigration and Nationality Act ("INA") § 320(a), 8 U.S.C. § 1431(a).[3]

---

[1] It is unclear if Paris attempted to become a lawful permanent resident prior to 2007.

[2] After he turned eighteen, Paris filed an N-600 Application for Certificate of Citizenship, claiming citizenship through his mother.  The record does not show whether U.S. Citizenship and Immigration Services has yet adjudicated his N-600 application.

[3] "A child born outside of the United States automatically becomes a citizen of the United States" where (1) "[a]t least one parent of the child is a citizen of the United States"; (2) "[t]he

2

**B.    2012 Convictions and Notice to Appear**

In January 2012, Paris pled nolo contendere to the Florida state felony offenses of carrying a concealed firearm and possession of cocaine, and adjudication was withheld.  A plea of nolo contendere with adjudication withheld is considered a "conviction" for immigration purposes.  See INA § 101(a)(48)(i), 8 U.S.C. § 1101(a)(48)(i).

As a result of his convictions, in August 2012, the Department of Homeland Security ("DHS") served Paris with a Notice to Appear ("NTA"), charging him as a native and citizen of Saint Kitts and Nevis who was removable for two reasons: (1) under INA § 237(a)(2)(B)(i), as an alien who had been convicted of a controlled substance offense, and (2) under INA § 237(a)(2)(C), as an alien who had been convicted of a firearms offense.  8 U.S.C. § 1227(a)(2)(B)(i), (a)(2)(C).

The IJ found that Paris was an alien, and Paris admitted that he had the drug and firearm convictions set forth in the NTA.  The IJ then sustained both charges of removability.

**C.    2012 Motion to Vacate Criminal Convictions**

In October 2012, while his removal proceedings were ongoing, Paris moved a Florida state circuit court to withdraw his plea and vacate his sentence, pursuant

---

child is under the age of eighteen years"; and (3) "[t]he child is residing in the United States . . . pursuant to a lawful admission for permanent residence."  INA § 320(a), 8 U.S.C. § 1431(a) (emphasis added).

to Rule 3.850 of the Florida Rules of Criminal Procedure ("motion to vacate").

Paris argued that: (1) the state trial judge failed to inform Paris of the immigration consequences of his plea, in violation of Rule 3.172(c)(8) of the Florida Rules of Criminal Procedure; and (2) Paris's trail counsel provided ineffective assistance under Padilla v. Kentucky[4] by failing to inform Paris that his plea would subject him to removal.

The state circuit court denied Paris's motion to vacate, determining that it lacked merit because, inter alia, a plea document warned Paris of the immigration consequences of his plea, and Paris acknowledged reading that document prior to the entry of his plea.  Paris subsequently appealed the denial of his motion to a Florida state appellate court.

**D.    May 7, 2013 Motion for a Continuance of Removal Proceedings**

On May 7, 2013, in immigration court, Paris orally moved the IJ for a continuance of his removal proceedings until the adjudication of his pending Florida appeal of the denial of his motion to vacate his convictions.[5]

Prior to Paris's May 7, 2013 request for a continuance, the IJ continued Paris's case at least seven times, including continuances of: (1) a November 20,

---

[4]Padilla v. Kentucky, 559 U.S. 356, 374, 130 S. Ct. 1473, 1486-87 (2010) (holding that counsel's performance was deficient when he failed to advise his client of the immigration consequences of his guilty plea).

[5]On April 18, 2013, Paris filed a motion for a continuance of the May 7, 2013 hearing due to the pending appeal of the motion to vacate his convictions.  On April 23, 2013, the IJ denied that motion in a written order.

4

2012 hearing due to Paris's counsel's scheduling conflict; (2) a December 4, 2012 hearing so that Paris could have more time to consider the pleadings; (3) a December 18, 2012 hearing for further preparation by Paris's counsel; (4) a January 17, 2013 hearing because Paris needed to review the government's file with regard to the documents related to his prior adjustment of status application; (5) a February 14, 2013 hearing to allow Paris time to provide proof that he had filed a Freedom of Information Act request regarding the government's adjudication of his adjustment of status application and case law regarding his continuance requests; (6) a February 21, 2013 hearing to allow Paris time to file an asylum application;[6] and (7) a March 18, 2013 hearing because Paris's counsel was ill.[7]

In denying Paris's May 7, 2013 continuance request, the IJ found that: (1) Paris's motion to vacate was a post-conviction, collateral attack on Paris's January 2012 convictions; and (2) in 2013, Paris's convictions remained final for immigration purposes. Acknowledging that he had "some discretion in giving out

---

[6]Paris did not file an application for asylum or withholding of removal. Paris did file an application for relief from removal under the United Nations Convention Against Torture ("CAT"), but did not present any evidence in support of that relief. The IJ thus denied Paris's application for CAT relief. Paris's application for CAT relief is not relevant to the issues before us.

[7]Paris sought to continue the December 18, 2012 and February 14, 2013 hearings until his pending motion to vacate could be adjudicated, and the IJ appears to have applied a bright line rule that a pending motion to vacate did not provide good cause for a continuance. The IJ nevertheless continued those hearings for other reasons, as noted above.

[a] continuance," the IJ denied the continuance request because there was no indication that the state appellate court would decide the appeal of the denial of the collateral motion to vacate in the near future.  The IJ ordered Paris removed based on his 2012 criminal convictions.

### E.    2013 BIA Appeal

In June 2013, Paris filed a notice of appeal to the BIA, asserting that the IJ abused his discretion in denying Paris's May 7, 2013 motion for a continuance until the adjudication of his state appeal of the denial of his motion to vacate.  In his appeal brief, Paris argued, inter alia, that, based on Padilla, a continuance to wait for the state appellate court to rule would be reasonable and for good cause.[8]

In October 2013, the BIA dismissed Paris's appeal.  The BIA noted that the IJ had discretion in ruling on a motion for a continuance.  The BIA disagreed with Paris's argument that a continuance was reasonable and for good cause in light of Padilla.  The Supreme Court's ruling in Padilla did not change the fact that Paris had final convictions for immigration purposes unless and until the convictions were actually vacated or modified.  The BIA concluded that Paris's request for a continuance to await the state appellate adjudication of his motion to vacate was too speculative to provide good cause for a continuance.

---

[8]Paris also argued that the denial of his May 7, 2013 motion for a continuance was a due process violation; but he did not raise that claim here, so it is abandoned.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

6

## II.  JURISDICTION

Under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review final orders of removal against an alien who is removable for having committed a controlled substance offense or firearms offense.  See INA § 237(a)(2)(B)(i), (a)(2)(C), 8 U.S.C. § 1227(a)(2)(B)(i), (a)(2)(C).[9]  We also lack jurisdiction to review the denial of a motion for a continuance of removal proceedings where an alien is removable on that basis.  Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1195 & n.12 (11th Cir. 2008) (stating that, although 8 U.S.C. § 1252(a)(2)(C) on its face applies to final removal orders, not orders denying a continuance, "[a]ccepting jurisdiction over the denial of Alvarez's motion for a continuance would subvert Congress's intent to eliminate federal court review of removal orders against certain criminal aliens").

However, § 1252(a)(2)(D) vests this Court with jurisdiction to review constitutional claims or questions of law raised upon a petition for review.  Id. at 1295-96.  An argument that the BIA applied an incorrect legal standard presents a legal question that we have jurisdiction to review pursuant to § 1252(a)(2)(D).  See id. at 1197.

Here, Paris was found removable due to his convictions, and he does not contest these grounds of removability (except to the extent that he is seeking to

_____

[9]We review de novo our own subject matter jurisdiction.  Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).

have his convictions vacated by the state court).  Therefore, we may review only constitutional claims and questions of law.  See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Paris attempts to raise a question of law by arguing two issues.  First, Paris argues that the BIA applied a bright line rule that there is never good cause for a continuance to wait for the adjudication of a pending motion to vacate a criminal conviction.  Paris says the BIA thus employed an incorrect legal standard.  Second, Paris argues that the BIA failed to set forth specific factors to be evaluated when considering whether there was good cause to grant a continuance request.  To the extent that these issues present questions of law, we have jurisdiction to review them.

### III.  DENIAL OF MOTION FOR CONTINUANCE

Under 8 C.F.R. § 1003.29, an IJ may "grant a motion for continuance for good cause shown."[10]

Here, contrary to Paris's arguments, the BIA employed the correct legal standard in evaluating Paris's request to continue his proceedings to await the

---

[10]Ordinarily, we review denials of motions for continuances for abuse of discretion. Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1285 (11th Cir. 2008).  Here, however, we can review only the legal claim presented in Paris's petition.  We review questions of law de novo. De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1278 (11th Cir. 2006).

Florida state court's adjudication of his motion to vacate.[11]  The BIA did not apply a bright line rule in affirming the IJ's denial of Paris's request for a continuance. In its decision, the BIA never stated that continuances to await the outcome of a motion to vacate were per se inappropriate.  Instead, the BIA expressly acknowledged that it was within the IJ's sound discretion to grant or deny a continuance and that Paris had not established that there was good cause for a continuance to await the adjudication of his pending motion to vacate because it was too speculative.  Thus, the BIA applied the correct legal standard of whether Paris had shown good cause to justify a continuance.  See 8 C.F.R. § 1003.29.

As to the second issue, we conclude that the BIA did not err in not setting forth specific factors for IJs to evaluate when considering a request for a continuance based on a pending state motion to vacate a criminal conviction.

We recognize that Paris cites the BIA's decisions, Matter of Hashmi, and Matter of Rajah, where the BIA did set forth certain factors that the IJ may consider in evaluating continuance requests.  See Matter of Hashmi, 24 I. & N. Dec. 785, 786, 790 (BIA 2009) (concerning an alien's continuance request to afford the opportunity to apply for adjustment of status premised on a pending family-based visa petition); Matter of Rajah, 25 I. & N. Dec. 127, 128-29 (BIA

---

[11]When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Because the BIA did not adopt the IJ's decision, as Paris himself concedes, we review only the BIA's decision.  See id.

2009) (concerning an alien's continuance request to obtain a labor certification, which, in conjunction with an I-140 employment-based visa, would have allowed the alien to adjust his status).  Those cases are not applicable for three reasons. First, neither BIA case concerned a motion for a continuance to await state court adjudication of an unsuccessful collateral attack and subsequent appeal of the denial of a motion to vacate a criminal conviction.  Second, and importantly too, Matter of Rajah was decided following the Second Circuit's remand to the BIA, and the Second Circuit stated that the BIA was not required to set forth factors explicating when continuances were appropriate in every immigration case because, in many cases, it is clear that the denial was within the IJ's discretion; but, standards are "extremely helpful" when it is not clear whether the IJ's denial of the continuance was an abuse of discretion.  See Rajah v. Mukasey, 544 F.3d 449, 449-50, 455-56 (2d Cir. 2008).  Third, unlike the Second Circuit's decision in Rajah, our jurisdiction here concerns only questions of law and not abuse of discretion issues.

Under the particular factual circumstances presented in this case, which include seven continuances, we conclude that the BIA committed no legal error by applying the "good cause" standard set forth in § 1003.29 and not articulating specific factors an IJ must consider.

## IV.  CONCLUSION

10

For all the foregoing reasons, we deny Paris's petition for review.

**PETITION DENIED.**